THE STATE OF KANSAS v. WILLIAM O'CONNELL.

AT the April Term, 1883, of the district court of Wyandotte county, *William O'Connell* was found guilty of selling intoxicating liquors without a permit, and sentenced to pay a fine of $100, and the costs of the prosecution. He appeals. The facts are sufficiently stated in the opinion.

*Byron Sherry,* and *Wm. S. Carroll,* for appellant.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for The State.

*Per Curiam:* The defendant in this case was charged with selling intoxicating liquors without a permit, and was found guilty, and fined $100, and adjudged to pay the costs of suit. The trial was had before the court and a jury. After all the evidence on the part of the state was introduced, the defendant moved the court to require that the state elect upon which transaction under the evidence it would rely for a conviction, and the court sustained the motion, and the state then elected in the following manner, to wit: "The state for a conviction relies upon a sale of intoxicating liquor by defendant to James Carson;" to which election the defendant objected, and moved the court to require the state to make its election more definite and certain in certain particulars, which motion the court overruled, and the defendant excepted.

It appears from the evidence, that in November, 1882,

James Carson purchased both beer and whisky of the defendant, and purchased the same at various times. Under the authority of the cases of *The State v. Schweiter*, 27 Kas. 500, 512; and *The State v. Crimmins*, just decided, and for the reasons given in these cases, we think the court below should have required the state to make its election more definite and certain. The election, as will be seen, was indefinite as to time, indefinite as to the particular sale to James Carson, and indefinite as to the kind of liquor sold to James Carson. It is possible that the election was sufficient under the circumstances, except as to the kind of liquor sold; and with respect to the kind of liquor sold, the election was certainly insufficient: The county attorney could certainly have elected as to whether he would rely for a conviction upon a sale of whisky or a sale of beer; for the evidence clearly showed that the defendant sold both whisky and beer, and there was no uncertainty under the evidence with respect to the character of the liquors sold. Under the evidence, the beer was unquestionably beer, and the whisky was unquestionably whisky.

For this failure on the part of the court below to require the state to make its election more definite and certain, and upon the authorities above cited, the judgment of the court below will be reversed, and the cause remanded for a new trial.