## THE STATE OF KANSAS v. H. GUETTLER.

1. INTOXICATING LIQUOR; *Particular Sale; Sufficient Election.* Where the county attorney is required to elect upon what particular sale of intoxicating liquors he will rely for a conviction — testimony of several unlawful sales having been given under a single count — it is not essentially necessary that he should designate the kind of liquor sold, but it is enough if in any other way, and with reasonable certainty, he points out the particular sale upon which a conviction will be asked.

2. ———— *Insufficient Election.* Where a witness testified in support of a single count that at different times during the year preceding the trial the defendant had sold him both beer and whisky, and the county attorney, when called on to elect upon which particular sale he would rely for a conviction, elected to stand upon the sale made to the witness, as testified to by him, but he did not designate the time of such sale, the kind of liquor sold, nor did he indicate in any other way the particular sale relied upon, *held,* that the election was not sufficiently definite. (*The State v. O'Connell,* 31 Kas. 383.)

3. REVERSAL *of Judgment on One Count — Not on Others.* Where the defendant is prosecuted for several distinct offenses properly joined and charged in the same information, and a separate verdict of guilty and an independent judgment is rendered under each count, the reversal of the judgment upon one conviction in the case will not disturb or work a reversal of the others.

*Appeal from Dickinson District Court.*

PROSECUTION for a violation of the prohibitory liquor law. From a judgment against him at the February Term, 1884, the defendant *Guettler* appeals. The opinion states the facts.

*J. R. Burton,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

JOHNSTON, J.: H. Guettler was prosecuted before the district court of Dickinson county for violating the prohibitory liquor law. The information contained five counts, and a verdict of guilty was given under each of them. Accordingly, the court rendered judgment upon each conviction, sentencing the

defendant to pay a fine of $100 and the costs of prosecution for each offense, and requiring him to enter into a bond to the state of Kansas in the sum of $1,000 for his good behavior, and conditioned that he would not directly or indirectly sell or give away, or keep for sale or barter, any intoxicating liquors within the state of Kansas for a space of two years from the date of conviction, and that he stand committed to the jail of the county until the bond was given. A motion for a new trial was made, and overruled; whereupon the plaintiff appeals to this court, alleging several errors in the proceedings in the district court.

The principal complaint of the appellant is, that the election of the county attorney as to the particular transaction or sale on which he would rely for a conviction was not sufficiently definite and certain. When the testimony of the state had been offered, the defendant moved the court to require the state to make an election under each count. The motions were granted, and elections were accordingly made. The defendant was not satisfied with the elections as made, and asked the court to require the county attorney to make them more certain, which motion was overruled. While exception was taken to the election under each count, those made under the first, fourth and fifth seem not to be much questioned by the defendant in argument, and when taken in connection with the testimony must be regarded as sufficiently definite. The election made under the second count was in this language: "I rely for conviction of the defendant under the second count in the information on the first sale to George Hubbard, as testified to by George Hubbard." The testimony of George Hubbard, so far as it relates to this question, is as follows:

"I have got beer there of the defendant several times. The first time I got beer there I bought two dollars' worth of tickets. He would not let me have any kind of drink unless I first bought a ticket. It was only five minutes after I got the ticket until I got the beer. I could get beer or any kind of drink on my ticket there, from a single glass up to the amount of my ticket. I got whisky sometimes on my ticket. Not very often. I generally got beer."

The appellant contends that it was the duty of the county attorney, in his election, to name the kind of liquor the sale of which was relied upon for a conviction, and that the court erred in not requiring him to do so. It is not essentially necessary that the prosecutor, in making an election, should describe the kind of liquor. It is enough if, in any other way, and with reasonable certainty, he points out the particular sale upon which a conviction will be asked. He may designate it by the date of sale, the persons present at the time of sale, or any circumstance by which the defendant may know with a reasonable degree of certainty the particular transaction or the particular offense against which he must defend. In this case the county attorney elected to stand on the first sale to George Hubbard, as testified to by him. As has been seen, testimony was given by Hubbard of a first sale, which was undoubtedly a sale of beer, and this testimony, read in connection with the election as made, sufficiently designated the transaction relied upon for a conviction.

*1. Intoxicating liquor; particular sale; sufficient election.*

There was cause of complaint, however, of the election made by the state under the third count, which was in the following language: "I rely for conviction under the third count in the information on the sale made to S. J. Wright, as testified to by S. J. Wright." The testimony of S. J. Wright was to the effect that at different times during the year preceding the trial of the cause, he had purchased both whisky and beer from the defendant. It will be observed from this testimony that the election was indefinite in every respect. It was indefinite as to time, there being no limit in that respect except that it was within the period of a year. No particular sale to Wright was fixed upon or designated in any way, although he testified that there were many of them; nor did the state particularize the kind of liquor sold, although the testimony was that both whisky and beer were sold to the witness. The county attorney might at least have indicated the kind of liquor sold, and certainly he could have done so without at all embarrassing the prosecution; and the ruling of

*2. Insufficient election.*

the court in refusing to compel him to do so falls clearly within the authority of *The State v. O'Connell*, 31 Kas. 383, and must be held erroneous. This holding will not, however, disturb the judgment of the court upon the convictions under the other counts. Although the offenses charged against the defendant were joined in the same information and tried at the same time, there was an independent trial and conviction upon each charge. A separate verdict was given on each count, and an independent sentence was imposed on each conviction. A reversal of the judgment upon one count, therefore, will not unsettle the others.

**3. Reversal of judgment on one count— not on others.**

The objection to the sufficiency of the testimony is not good, nor can the objection to the instructions be sustained; but we do not think that these points require particular attention here.

The judgment of the district court will therefore be affirmed as to the convictions under the first, second, fourth and fifth counts of the information, and the judgment of conviction under the third count will be reversed, and the cause remanded for a new trial thereon.

All the Justices concurring.