THE STATE OF KANSAS V. WALTER LUND.

INTOXICATING LIQUOR—*Unlawful Sales—Prosecution—Election by State as to Sales.* In a prosecution for an unlawful sale of intoxicating liquor, in which testimony has been offered tending to show several sales, it is the duty of the court, upon the application of the defendant, to require the state to elect upon what particular sale about which testimony was given it will rely for a conviction; and the refusal of such an application is material error.

*Appeal from Harper District Court.*

CONVICTION for unlawfully selling intoxicating liquors. The defendant, *Lund,* appeals. The opinion states the material facts.

*Sam. S. Sisson,* and *Geo. W. Finch,* for appellant:

The court erred in refusing to compel the state to make its pretended election more definite and certain. See *The State v. Schweiter,* 27 Kas. 512; *The State v. Crimmins,* 31 id. 376; *The State v. O'Connell,* 31 id. 383; *The State v. Cutler,* 34 id. 582; *The State v. Lund,* 30 Pac. Rep. 518 [*ante,* p. 209].

The court instructed the jury that the state had elected to rely on the illegal sale of beer to Doctor Lloyd on or about the 20th day of May, 1891, and on the illegal sale of beer to Doctor Lloyd and W. H. H. Smith between the 9th and 11th of May, 1891, and if the jury found the defendant guilty they must designate upon which sale or sales they found the defendant guilty. This instruction shows that it was left to the jury for them to pick out any of the different sales alleged to have been proven that they might see proper, and is in accord with the refusal of the court to compel the state to elect. This instruction is certainly not the law, and explains the verdict found by the jury and the latter part of the record, where the court is compelled to send the jury back to their jury room to correct their verdict. We also desire the court to examine the 8th, 9th, 10th and 11th instructions given. The defendant excepted to the giving of these instructions.

The jury were allowed, under these instructions, to find the defendant guilty of any sale made to C. S. Lloyd about May 20, 1891, and as to what would be "about May 20, 1891," we are at a loss to determine. There were a great number of sales claimed to have been made to Lloyd in the month of May, 1891, and also a number of sales made to Smith and Lloyd, not together but separately, claimed to have been made from May 9 to 11, 1891. Not two of the 12 men who acted as jurors in this case, when they finally arrived at their verdict of guilty, agreed as to which particular offense the defendant was guilty of.

*J. N. Ives*, attorney general, and *T. J. Beebe*, county attorney, for The State. No brief on file.

The opinion of the court was delivered by

JOHNSTON, J.: This is an appeal from a conviction for unlawfully selling intoxicating liquor. In an information containing a single count, it was charged that Walter Lund—

"On or about the 15th day of May, 1891, and on divers other days and times between that time and the time of the filing of this information, at the city of Harper, in the county and state aforesaid, did then and there unlawfully keep the place known and described as the back part of the north room of the opera house, situated on lot 9, block 21, in the city of Harper, Harper county, Kansas, and said    .    .    . and Walter Lund, with the knowledge and consent of said .    .    . agent of the owner of said buildings and said place, and then and there and said other days and times unlawfully did sell, barter, and give away, and keep for sale, barter, and use, intoxicating liquors, in violation of the act of the legislature of the state of Kansas, etc., to the common nuisance of the people of the said state of Kansas."

It was assumed by both court and counsel that the information charged two distinct offenses, namely, the unlawful selling of liquors, and the keeping of a common nuisance. At the trial, testimony was offered tending to show numerous sales of liquor during the year 1891, at the place named in the information. After the evidence of the state was sub-

mitted, the defendant asked the court to require the state to elect on which offense charged in the information the state would rely for a conviction. The request was granted by the court, and the state elected to rely upon a sale of intoxicating liquors. The defendant then moved the court to require the state to elect on which particular sale claimed to have been proven it would rely for a conviction. The motion was granted, and the state elected to rely "upon a sale of beer made to C. S. Lloyd and to W. H. H. Smith in the month of May, 1891." The defendant then requested that the state be required to indicate one or other of the sales made to C. S. Lloyd and to W. H. H. Smith in May, 1891, on which it would rely for a conviction, which request was denied by the court. The defendant then asked the court that the state be required to make its election more definite and certain, and that it be required to state on what particular sales made to C. S. Lloyd and what particular sales made to W. H. H. Smith the state would rely for a conviction in the case. This request was granted by the court, and the state then designated the sales made "to Dr. C. S. Lloyd on or about the 20th of May, 1891, and upon the sales made to W. H. H. Smith and Dr. C. S. Lloyd from the 9th to the 11th of May, 1891." A further effort was made by the defendant to have the election made more definite and certain, and to have the election confined to a single sale, but each request was denied.

The court instructed the jury that the defendant was charged with the unlawful sale of intoxicating liquors, and that he could not be found guilty of any other or different sale than those upon which the state had elected to rely for a conviction. They were further advised that the state had elected to rely upon the illegal sale of beer to Doctor Lloyd on or about May 20, 1891, and upon the illegal sale of beer to Doctor Lloyd and to W. H. H. Smith between the 9th and 11th of May, 1891, and that, if the jury found the defendant guilty, they must designate in their verdict upon which sale or sales they found the defendant guilty. The

jury returned a verdict finding the defendant "guilty of sell-ing beer to C. S. Lloyd and Smith, May 9 to 11, 1891." A motion for a new trial was made, the principal grounds of which were the refusal of the court to compel a more re-stricted, definite and certain election on the part of the state, but the motion was overruled, and the. defendant was sen-tenced to pay a fine of $100 and to be confined in the county jail for the period of 30 days.

The numerous decisions upon the subject of election in like cases compel a reversal of the judgment in this case.    It is difficult to see why the information was held to charge more than one offense.    The language employed indicated a pur-pose to charge the defendant with keeping a place where in-toxicating liquors were unlawfully sold, and where persons were permitted to resort for the purpose of drinking such liquors as a beverage; in other words, the keeping of a com-mon nuisance.    If it had been so treated, the state would not have been required to elect upon what sales it would rely for conviction, and the testimony produced seems to have been sufficient to have sustained such a charge.    However, the information was regarded by both the court and counsel as charging two offenses in a single count:  One, the unlawful sale of intoxicating liquors, and the other, the keeping of a common nuisance.    The state elected to try the defendant for the unlawful sale of intoxicating liquors on or about the 15th day of May, 1891.    With that interpretation of the informa-tion and election, it was the duty of the court to require the state to select and rely for a conviction upon one of the sev-eral sales about which testimony was given.    There was tes-timony offered tending to show numerous sales to both Lloyd and Smith during the month of May, 1891, and testimony of many sales to each and to both during the times named in the election and in the verdict.    The uncertainty and indefi-niteness of the election no doubt confused the jury, and led them to return such a comprehensive and indefinite verdict. There was error in not requiring a more definite election, and error in the charge of the court in not restricting the jury to a

single sale. (*The State v. Schweiter*, 27 Kas. 500; *The State v. Crimmins*, 31 id. 376; *The State v. O'Connell*, 31 id. 383; *The State v. Guettler*, 37 id. 582; *The State v. Lund*, ante, p. 209; same case, 30 Pac. Rep. 518.)

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.