## STATE v. VALENTINE.

Where, for the purpose of proving the charge in an indictment, charging the defendant with committing the offense of selling intoxicating liquors contrary to the statute, evidence is introduced tending to prove the commission of two or more separate and distinct offenses, it is the duty of the court, before the defendant is put upon his defense, if requested so to do, to require the prosecution to elect upon which transaction the state will rely for a conviction.

(Syllabus by the Court. Opinion filed May 22, 1895 )

Error to circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Bird Valentine was convicted of selling intoxicating liquors, and brings error. Reversed.

The facts are stated in the opinion.

*Joe Kirby* and *D. E. Powers,* for plaintiff in error.

In an indictment for the sale of intoxicating liquors, the facts showing a sale, a delivery of the goods and also a price must be set forth. Comm. v. Dean, 21 Pick. 334; State v. Doyle, 11 R. I. 574; State v. Walker, 3 Hoar. Del. 574; Robertson v. Lambertville, 38 N. J. 69; State v. Plainfield, 44 N. J. 118; Cafritz v. State, 1 Md. 569; State v. Faucett, 4 Dev. and B. L. 107; State v. Starney, 71 N. C. 202; State v. Schroder, 3 Hill. S. C. 61; State v. Steedman, 8 Rich. Law. 312; Dorman v. State, 34 Ala. 216; Dixon v. State, 21 Tex. 517; State v. Stuckey, 2 Blackf. 289; Blodget v. State, 3 Ind. 403; McLoughlin v. State, 45 Ind. 338; State v. Allen, 32 Ia. 491; Wilson v. Comm. 14 Bush. 159; State v. Pischel, 16 N. W. 608; Martin v. State, 46 N. W. 619; State v. Schmoil, 25 Minn. 368; State v. Stinson, 17 Maine 154; State v. Cox, 19 Mo. 475; Comm. v. Tranier, 123 Mass. 414; State v. Wentworth, 35 N. H. 442; Bishop Statutory Crimes, § 1037; State v. Smith, 52 N. W. 320. In criminal proceedings the admission of any incompetent evidence, provided it be such that any man on the jury could possibly base his conclusion of guilt upon it, will be grounds for reversal. People v. McKeon, 64 Hun. 504; State v. Nolan, 30 Pac. 486; George v. Railroad, 5 N. W. 615; Montag v. People, 30 N. E. 337; Stabel v. Moser, 29 N. W. 821; Jeffry v. Thompson, 21 N. W. 659; Leasman v. Nickelsen, 12 N. W. 270. It is the province of the jury to reconcile the evidence given by the witness but the stenographer's statement of what the testimony is cannot be received. Bishop Crim. Pro., § 1180; Shipp v. State, 11 Tex. 46; Roberts v. State, 111 Ind. 340; State v. Myrick, 38 Kan. 238; Jackson v. Commonwealth, 19 Gratt. 656; Hooker v. Commonwealth, 13 Gratt. 763; Wade v. State, 12 Ga. 25; Maweer v. People, 43 N. Y. 1; Brawer v. Commonwealth, 8 S. W.; Dougherty v. Commonwealth, 69 Pa. 286; People v. Ormsby, 48 Mich. 494.

*Coe I. Crawford,* Attorney General, and *D. R. Bailey,* for defendant in error.

Where an offense is purely statutory it is sufficient to charge it in the language of the statute, and in an indictment for

selling spirituous liquors in small quantities, it is unnecessary to aver to whom sold, or the number of persons. People v. Sweetzer, 1 Dak. 295; People v. Sponsler, 46 N. W. 459; State v. Hafoos, 47 N. W. 400; 1 Bishop Crim. Proc. § 611; 2 Whorton Crim. Law § 2445; State v. Adams, 17 Wend. 475; Osgood v. People, 39 N. Y. 449; State v. Gummer, 22 Wis. 422; Rice v. People, 38 Ill. 435; United States v. Gooding, 12 Wheat. 460; United States v. Britton, 107 U. S. 655; Connan v. United States, 116 U. S. 55; United States v. Mills, 7 Peters 138; United States v. Simmons, 96 U. S. 360; State v. Light, 17 Oreg. 358.

The time of the commission of the offense laid in the indictment does not confine the proofs within the limits of that period; the indictment will be satisfied by proof of the offense on any day anterior to the finding. Wharton on Crim. Ev. § 103; Black on Intoxicating Liquors; Armington v. Com., 12 S. E. 224; Savage v. Com. 5 S. E. 563; State v. Findley, 77 Mo. 338; State v. Wambold, 72 Ia. 468; New York v. Mason, 4 E. D. Smith 142; State v. Heinzie, 44 Mo. 403; State v. Croteau, 23 Vt. 14; Olmstead v. State, 9 So. 737; State v. Brown, 6 So. 638; State v. Bielby, 21 Wis. 204; State v. Whisner, 35 Kan. 271; State v. Schweitzer, 27 Kan. 499; Myers v. Ringstead, 51 N. W. 519; Com. v. Phelps, 11 Gray 73; Crane v. State, 14 Tex. 634; Commonwealth v. Wood, 60 Mass. 11; Saunders v. State, 14 S. E. 570; State v. Chiswell, 15 S. E. 412. In cases of misdemeanor where proof of the offense discloses several transactions each of which in itself constitutes the offense charged it rests within the sound decision of the trial court to grant or refuse a motion to compel the state to elect. State v. Czarnikow, 20 Ark. 160; State v. Smith, 22 Vt. 7476; Koch v. State, 32 Ohio, 353; Stockwell v. State, 27 Ohio 563.

CORSON, P. J. The plaintiff in error was indicted, tried, and convicted, in the circuit court of Minnehaha county, of the crime of selling intoxicating liquors as a beverage, in violation of the provisions of the prohibitory liquor law of this state. When the case was called for trial in the court below, the plaintiff in error, by

his counsel, objected to the introduction of any evidence under the indictment, upon the ground that the facts stated did not constitute a public offense. In State v. Burchard (S. D.) 57 N. W. 491, this court held that an indictment substantially identical in form with the one now before us was insufficient, but the objection taken to the introduction of the evidence in that case was not only upon the ground that the indictment did not state facts, etc., but upon the further ground that the indictment was indefinite, etc., and it was upon the latter ground that we held the indictment insufficient. In this case, however, there are errors upon which the judgment of the court below must be reversed, and we will not, therefore, stop to consider further the objections to the indictment.

On the trial, Palmer, a witness called on the part of the state, testified that he bought whisky and beer of the defendant two or three times in January, 1893. Munn, a witness on behalf of the state, being then called, testified, over the objections of the plaintiff in error, that he bought whisky and beer of the defendant in March, 1893. Thereupon the counsel for the plaintiff in error moved the court to compel the state to elect upon which sale it would rely, which motion was overruled, and the plaintiff in error, by his counsel, excepted. The two witnesses above being the only witnesses on the part of the state, the question is fairly presented as to whether or not the state should have been required to elect upon which sale it would rely for conviction. The decisions are irreconcilably in conflict upon this question, and a review of them would be of no practical benefit. After mature consideration of the question, we are inclined to follow the line of decisions that hold that in such a case the state must elect. This seems to be in harmony with the principles governing the trial of criminal cases. The defendant in such a case is entitled to be tried for one offense only, under the statute, and not for several offenses at the same time and under one indictment. Under the statute, only one offense can be charged in the same indictment. Comp. Laws, § 7244. If only one offense can be charged, it logically follows that only one can be proven and relied upon for a conviction. Before the defendant

can be called upon to proceed with his defense, he is entitled to be informed of the sale under which the state proposes to ask a conviction, in order that he may defend himself against that sale. As was well stated by the supreme court of Kansas in State v. Crimmins, 31 Kan. 376, 2 Pac. 574: Suppose there are twelve witnesses, and each testifies to a separate sale, and the jury find the defendant guilty generally. It may be that no two jurors agree to a verdict upon any one sale; each juror may have found the defendant guilty of a different sale. This seems to present a most conclusive objection to allowing evidence tending to prove several distinct and separate sales under one indictment, to be submitted to the jury. Mr. Wharton says: Where a specific offense is charged, the indictment cannot be sustained by proof of a second offense, even on the same day. And should it happen that the evidence discloses several successive offenses, anyone of which could sustain a conviction, the prosecution, unless the charge is for a continuous offense, must elect the offense which it will pursue, and, when this is done, proof of the other offenses will be excluded, under the limitations above expressed. Whart. Cr. Ev. § 104. These views are sustained by the following well-considered cases: State v. Lund, 49 Kan. 663, 31 Pac. 309; Boldt v. State 72 Wis. 7, 38 N. W. 177; State v. Guettler, 34 Kan. 582, 9 Pac. 200; Lebkovitz v. State, 113 Ind, 26, 14 N. E. 363, 597; State v. Farmer, 104 N. C. 887, 10 S. E. 563; State v. Crimmins, supra. We are of the opinion that the refusal of the court to grant the motion of the plaintiff in error to compel the state to elect upon which sale it would go to the jury, and the failure of the court to correct the error by instructing the jury that they must find the defendant guilty, if at all, for one specific sale upon which all the jurors must agree, constitutes error for which a new trial must be granted. The judgment of the court below is reversed, and a new trial granted.