## STATE OF IOWA v. LEVI S. NORRIS, Appellant.

**Rape:** CORROBORATIVE EVIDENCE: The sufficiency of corroborative evidence on a prosecution for rape, is for the jury.

**Rape:** DISTINCT OFFENSES: ELECTION. On a prosecution for rape where the relations of the parties were so intimate and continuous that the crime cannot be more definitely fixed at one time than another, an election will not be required, but where the indictment is for one offense and several separate and distinct crimes are proven, or the criminal relations are shown to have occurred at different periods the state will be required to elect on which transaction or in which period it will rely.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

### THURSDAY, JANUARY 14, 1904.

THE defendant was accused and convicted of the crime of rape upon his own daughter. He appeals.—*Reversed.*

*Park Chamberlain* for appellant.

*Chas. W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

LADD, J.—The evidence tended to show that defendant lived on what is called the "Corcoran Place" from September, 1900, and remained there until moving to Anamosa in April, 1902. The prosecurtix testified that she was at home nine months of the year 1901, and that during that time defendant had sexual intercourse with her about every other day; that during a week in April, 1902, after the removal to town, this occurred every night; and that in January, 1903, he had sexual intercourse with her twice about the 15th and the 16th days of that month. She became fifteen years old in

March following. The appellant urges that her testimony is not sufficiently corroborated. She claimed her clothing was stained as a result of the intercourse, and this was detected by her mother, while on the Corcoran place, in washing it. As she was shown to have been with him almost constantly, this may have afforded some corroboration. As the stains might have been produced by other causes or other persons, this evidence was probably not sufficient. But the defendant, besides denying the accusation, interposed the defense of impotency during the seven years previous. To meet this an elder daughter testified that the defendant had sustained improper relations with her while on the Corcoran place and up to March, 1902. Among other things, she testified that on one occasion he had remarked to her that "Flossie [prosecutrix] had a big leg, and she got hot quick." The time of this conversation was not stated. If it occurred after he is said to have had intercourse with Flossie, it was evidence such as is exacted by the statute. The quantum of proof is not fixed by the law. If there is some proof, its sufficiency is for the jury. *State v. Baker*, 106 Iowa, 99; *Sate v. Carnagy*, 106 Iowa, 490. See *State v. Wheeler*, 116 Iowa, 212.

II. After the state had rested, the defendant moved the court "to compel the state to elect as to which offense they would rely upon, and date and place of same, in this pros-

**2. RAPE: distinct offenses: election.** ecution." The motion should have been sustained. It was overruled. It may be that the precise date and place could not properly be required; but this is never exacted farther than is necessary to identify the transaction. Where the relations are so intimate and continuous that the crime cannot be fixed upon as happening at any one time any more certainly during a long period than at another, election cannot be required. *State v. Higgins*, 121 Iowa, 19. See, also, *State v. Hasty*, 121 Iowa, 507. If, then, the state had elected to

rely upon the commission of the offense while on the Corcoran place, or during the week in April, 1902, this would have been sufficiently definite. Had it elected to prosecute for one of the offenses committed in January, the precise day could have been given. Greater certainty than is possible under the evidence is never required. In cases of doubt some discretion is to be exercised. *State v. Smith*, 22 Vt. 75; *State v. Bell*, 27 Md. 675 (92 Am. Dec. 658); *Com. v. O'Connor*, 107 Mass. 219. But where the periods are distinct and separate, as in the instant case, the rights of the defendant are not duly guarded when the election is denied; for this imposes upon him the hardship of meeting numerous charges at different periods of time, instead of within a definite period, upon which a conviction must be predicated and exposes him to the danger of the jurors finding him guilty under proof of several transactions, separated by distinct intervals, when they might be unable to agree upon his guilt of any offense if limited to a particular date or period. An election necessarily focuses the evidence upon a transaction, and exacts specific, rather than general, corroboration. Thus the remark to the elder daughter may not have related to a period to which the evidence concerning the stains was applicable. Had the transaction relied upon been specified, the jury would have been compelled to determine what corroborating evidence related thereto. The crime is not a continuing one. Each copulation constituted an independent and distinct offense, and the rule is that when, to sustain an indictment containing one charge, several like offenses are proven, the state will be required to elect upon which transaction it will rely. *State v. Hurd*, 101 Iowa, 391; *State v. King*, 117 Iowa, 484; *State v. Jamison*, 110 Iowa, 337; *Bainbridge v. State*, 30 Ohio St. 264; *State v. Hutchings*, 24 S. C. 142; *Lunn v. State*, 44 Tex. 85; *State v. Chisnell*, 36 W. Va. 659 (15 S. E. Rep. 412); *Palin v. State*, 38 Neb. 866 (57 N. W. Rep.

743); *State v. Valentine*, 7 S. D. 98 (63 N. W. Rep. 541); *Leikovitz v. State*, 113 Ind. 36 (14 N. E. Rep. 363); *West v. People*, 137 Ill. 189 (27 N. E. Rep. 34); *Lanergan v. People*, 39 N. Y. 39; *State v. Nelson*, 8 N. H. 163; *Mayo v. State*, 30 Ala. 32; *People v. Sweeney*, 55 Mich. 586 (22 N. W. Rep. 50); *Boldt v. State*, 72 Wis. 7 (38 N. W. Rep. 177).—REVERSED.