STATE OF IOWA v. LEVI S. NORRIS, Appellant.

**Rape:** CORROBORATION: EVIDENCE. On a prosecution for rape, the
1 requirement of Code, section 5488, is met if there is some independent evidence tending to corroborate the prosecutrix in connecting the defendant with the commission of the crime, but its sufficiency is for the jury to determine. Evidence reviewed and though slight is held to support an affirmative finding of corroboration.

**Corroboration:** INSTRUCTION. An instruction that there should be
2 no conviction for rape in the absence of corroboration, and that stains on prosecutrix's garments were not alone sufficient corroborating evidence, unless the jury found the same were produced by defendant's intercourse, was not objectionable as permitting the jury to find the stains alone sufficient regardless of how or by whom produced.

**Evidence:** RELATION BETWEEN PARTIES. In a prosecution for rape,
3 the admission of evidence of the relations existing between defendant and prosecutrix, his daughter, extending over several years, was not prejudicial error.

**Rape:** SENTENCE. Under the evidence it is held that a life sentence
4 tence for rape should be reduced to twenty years.

*Appeal from Jones District Court.*— HON. B. H. MILLER, Judge.

TUESDAY, JULY 11, 1905.

THE defendant was convicted of the crime of rape, and appeals. *Modified*, and, as modified, *affirmed*.

*Park Chamberlain,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De Graff,* Assistant Attorney-General, for the State.

SHERWIN, C. J.— The defendant has been twice convicted of raping his own daughter, a girl under the age of consent, and this is the second appeal to this court. See *State v. Norris,* 122 Iowa, 154. At the close of the State's case the defendant moved for a directed verdict on the ground that there was no evidence corroborating the prosecutrix which tended to connect him with the commission of the crime charged, and whether there was or not is the principal question for determination on this appeal.

The requirement of the statute (Code, section 5488), is met if there is some evidence which tends to strengthen and corroborate the prosecutrix in connecting the defendant with the commission of the offense, and the sufficiency of such evidence is ordinarily a question for the jury. *State v. Norris, supra; State v. Baker,* 106 Iowa, 99. The testimony of the injured daughter showed that she had been the victim of her father's unnatural lust for several years before the indictment in this case was found, but the State was required to and did elect the particular time within the period of limitation on which it would rely for a conviction, and it elected to rely on an act of intercourse that took place on or about the 15th day of January, 1903. The corroboration required by the statute must therefore tend to connect the defendant with the commission of the crime at that particular time. The prosecutrix had been at home two weeks or more immediately preceding the date named, and a part of the time she had been ill. She occupied an upstairs room with her mother and a younger sister during all of the time. In the morning in question, after the mother had gone downstairs, the defendant went to the room where the prosecutrix and his other daughter were. The prosecutrix was in bed at the time, and she testified that

1. RAPE: corroboration; evidence.

the defendant put his hand on her person in the presence of her little sister, and that immediately thereafter he sent the little girl down-stairs, and then had intercourse with her, after which they both went downstairs. The mother of the prosecutrix testified that the defendant went upstairs to awaken the prosecutrix at the time in question, and that the other daughter came down immediately thereafter. Both the prosecutrix and her mother testified that after the defendant went downstairs the younger daughter asked him what he was doing to the prosecutrix upstairs, and that he answered that he was "just pinching her to make her get up." If the testimony of the prosecutrix and her mother as to the conversation between the defendant and the other young daughter is true, his statement that he was pinching the prosecutrix shows that he had his hand on her person, and tends at least to corroborate her statement that he was in the room while she was in bed, and that he was handling her person in an improper and lascivious manner, and that he sent the little girl away. Mere opportunity does not alone furnish the corroboration required, but, if the opportunity is made by the defendant's deliberate act, and if, in connection therewith, it is shown that he was doing the things which usually lead to sexual intercourse, such as improperly handling the person of the prosecutrix and the like, the evidence as a whole does tend to connect the defendant with the crime. The mother also testified that shortly after the alleged occurrence she found light-colored stains on the drawers worn by the prosecutrix, and that, when asked what occasioned them, the prosecutrix said that she guessed that she had some kind of disease, " and hung her head, and hardly answered." The testimony does not show certainly that the stains were caused by seminal emission, but the inference from the testimony is that they were. If such was the fact, and if no one but the defendant had had an opportunity to produce the stains, as the evidence tended to show, they would afford some corroboration at least. *State v. Norris, supra.*

We freely admit that the corroboration in this case is not particularly strong, or satisfying to us, and yet, under our repeated holdings its sufficiency was for the jury to determine, and we cannot interfere with its conclusion. *State v. Comstock*, 46 Iowa, 265; *State v. McLaughlin*, 44 Iowa, 82; *State v. Norris, supra.*

The court instructed on the subject of corroboration, and told the jury that no conviction could be had unless there was corroborating evidence tending to connect the defendant with the commission of the crime; and it was further told that stains on the garments were not alone sufficient corroborating evidence, unless it was further found that they were produced by the defendant's sexual intercourse with the prosecutrix. We do not think the instruction open to the criticism that it permitted the jury to find the stains alone sufficient corroboration, regardless of how they were produced or who produced them. The instruction as a whole was in line with what we have already said concerning corroboration, and we need not further discuss it

2. CORROBORA-TION: instruction.

Complaint is made of the introduction of testimony showing the relation existing between the defendant and the prosecutrix and his disposition towards her, extending over several years, but we find no prejudicial error in the rulings.

3. EVIDENCE: relation between parties.

The defendant was about forty-eight years old when convicted, and he was sentenced to imprisonment for life. He now urges that the punishment is excessive, and should be reduced by this court. According to the testimony of the prosecutrix, the defendant had been having sexual intercourse with her since she was seven or eight years old, and the details of the relation are peculiarly revolting. Notwithstanding this, however, we are constrained to hold that the punishment is too severe. At the time of the trial the prosecutrix was about fifteen years of age, and no complaint had ever been made by her until

4. RAPE: sentence.

about a year before, although she was of usual intelligence, and she never complained to her mother or to other members of her family. The mother testified that she did not know of or suspect the relation until it was disclosed after the defendant's arrest. This singular condition, together with the circumstances appearing, and the weakness of the corroborating evidence, prompt us to reduce the sentence to a term of twenty years in the penitentiary, and, as thus mod-·ified, the judgment is *affirmed*.