APPLICATION OF WILLIAMS

(193 N.W.2d 793)

(File No. 10885. Opinion filed January 18, 1972)

**Robert L. O'Connor,** Sioux Falls, for appellant.

**Gordon Mydland,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for respondent.

WINANS, Judge.

The defendant was tried, convicted and sentenced to the State Penitentiary on a two-count information. Count I charged possession of a narcotic drug, to wit, Marijuana, and Count II charged a sale of a narcotic drug, to wit, Marijuana. Both counts were charged as violations of "Chapter 94 of the 1968 Session Laws" of the State of South Dakota. He was sentenced for unlawful possession to a term of five years, and to a term of ten years for illegal sale. Such sentences to run concurrently. Defendant appealed, and the judgment was affirmed. State v. Williams, 84 S.D. 547, 173 N.W.2d 889. While the appeal was pending, the defendant made application for a Writ of Habeas Corpus and his release from imprisonment. The application was first heard by the Circuit Court of Minnehaha County on June 26, 1969, and because of the appeal then pending in the Supreme Court no final judgment on the Writ of Habeas Corpus was entered by the court. The Supreme Court entered its judgment on the appeal January 22, 1970, and thereafter adjourned hearings on the Habeas Corpus proceedings were had and culminated by the Circuit Court of Minnehaha County making its Findings of Fact and Conclusions of Law and entering Judgment accordingly, on the 25th of August, 1970. The Judgment quashed the Writ, and this appeal by the defendant is from that Judgment.

The assignments of error are rather numerous, but may be summarized as the lower court did at the hearing on the Writ.

"Upon this application applicant contends that the Information is fatally defective so as to render the sentencing court without jurisdiction in that count one fails to state the time of day and where the offense was committed and fails to set forth that defendant is not one of the excepted groups under the statute, and that count two

fails to name the purchaser and the time of day of the sale and fails to allege that defendant was not one of the excepted group under the statute."

At the trial of the criminal charges the defendant did not demur to the information, nor, as was done in State v. Burchard, 1894, 4 S.D. 548, 57 N.W. 491, make any objection "to the introduction of any evidence under the indictment, upon 'the ground that the facts stated in the same (information) do not constitute a public offense, and upon the further ground that the indictment (information) is indefinite and uncertain, and does not state facts that will enable a person of common understanding to know what is intended.' "

What counsel did at the trial was to move to dismiss both counts of the information upon the grounds that "marijuana is not a narcotic drug; that possession of and the selling of marijuana * * * would not constitute a violation of Chapter 94 of the Session Laws of 1968 as alleged in the information." Such contentions were decided adversely to the defendant in State v. Williams, supra.

This court has held without deviation:

"The scope of review in habeas corpus proceedings is limited, since the remedy is in the nature of a collateral attack upon a final judgment. State ex rel. Smith v. Jameson, 80 S.D. 333, 123 N.W.2d 300. It is not a substitute for an appeal, or a motion for new trial, or a motion to amend, correct, or vacate a judgment. State ex rel. Ruffing v. Jameson, 80 S.D. 362, 123 N.W.2d 654. Ordinarily post-conviction habeas corpus can be used only to review (1) whether the court had jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases, whether an incarcerated defendant has been deprived of basic constitutional rights. State ex rel. Baker v. Jameson, 72 S.D. 638, 38 N.W.2d 441; State ex rel. Flynn v. Rigg, 256 Minn. 304, 98 N.W.2d 79." State ex rel. Burns v. Erickson, 80 S.D. 639, 129 N.W.2d 712.

The applicant for the Writ of Habeas Corpus, however, argues strongly, and it appears to be the primary question presented in this appeal, that Count II of the Information is fatally defective because it failed to identify the name of the alleged purchaser, and that this defect was not considered by the court in State v. Williams, supra. We hold against applicant on both these contentions. In order to present this clearly, it becomes necessary to make a short review of the appeal proceedings.

Upon the appeal of State v. Williams, supra, the attorney for appellant Williams made the discovery that the assignment of error based upon failure to identify the name of the purchaser in Count II had been left out. The attorney's testimony on that point is in part as follows:

"A * * * but as I prepared the case for oral argument, I discovered that what we considered at that time to be the most important assignment of error and in fact was left out and not before the Supreme Court.

Q Which assignment of error was that?

A That would be the one as to the fact that the identity of the alleged purchaser in Count II was not included in the Information."

The attorney for appellant upon such discovery petitioned the Supreme Court to include as an additional assignment of error "That Count II of the Information filed in this case was defective for the reason that it failed to disclose the name of the alleged purchaser." The assistant attorney general, assigned to the case, stated in writing to the court that no objection was made to including such additional assignment of error and stated, "It is my contention that the matter of this alleged error was assigned by Appellant and argued in Appellant's Brief and this office has also argued the question in Respondent's Brief". The presiding judge based on the petition and affidavit of petitioner Williams' attorney signed an order "Ordered that the additional assignment of error

set forth in the Petition will be considered by the Court as part of the appeal." We are not concerned with the procedural aspects of this way to make an assignment of error at this point. We simply state the record. The briefs before the Supreme Court, among other assignments, argued the lack of identity of the purchaser in Count II.

After the decision in State v. Williams, supra, the applicant filed a petition for rehearing asserting that the Supreme Court had overlooked and failed to decide this question as to Count II, namely, that it was defective for the reason that it failed to allege the name of the alleged purchaser. The petition for rehearing was denied. In the decision of the court in State v. Williams, 84 S.D. 547, 173 N.W.2d 889, at page 893, the court said:

> "The record does not show that the question of constitutionality was raised below or that the information for that reason did not state criminal offenses. * * * An appeal brings only to this court for review errors committed by the trial court which appear in the record and have been preserved and presented in the manner prescribed by applicable procedural provisions." Citations omitted.

The court in effect held that the lack of a named purchaser was not such a defect that it could be raised without having first been presented to the trial court. See State v. Thwing, 85 S.D. 351, 182 N.W.2d 308.

In State v. Burchard, supra, at the trial, a witness having been sworn on the part of the state, defendant's counsel objected to the introduction of any evidence under the indictment upon " 'the ground that the facts stated in the same do not constitute a public offense, and upon the further ground that the indictment is indefinite and uncertain, and does not state facts that will enable a person of common understanding to know what is intended.' " The court in a later opinion, State v. Valentine, 7 S.D. 98, 63 N.W. 541, written by the author of the Burchard opinion, wrote further:

"In State v. Burchard (S. D.) 57 N. W. 491, this court held that an indictment substantially identical in form with the one now before us was insufficient, but the objection taken to the introduction of the evidence in that case was not only upon the ground that the indictment did not state facts, etc., but upon the further ground that the indictment was indefinite, etc., and it was upon the latter ground that we held the indictment insufficient."

In State v. Blue Fox Bar, Inc., 80 S.D. 565, 128 N.W.2d 561, this court stated:

"Defendant contends the trial court erred in not granting its motion to quash the information and in not sustaining objection to the introduction of evidence thereunder for the reason the name of the person, or persons, upon or against whom the alleged offenses were committed were not set forth or otherwise identified with reasonable certainty. We agree."

In the last three cases cited this court did not hold that the question of jurisdiction was the basis for the holding. Rather, it would appear that their holding in each instance, all on direct appeal, was based on the sufficiency of the information as measured by Article VI, § 7, of our Constitution, and SDCL 23-32-12 and 23-32-5. These provisions are set forth in Blue Fox Bar, Inc., supra. In Knewel v. Egan, 1925, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036, the Supreme Court of the United States in an opinion by Mr. Justice Stone, in a Habeas Corpus proceeding by a citizen of this state, held "It has been uniformly held by this court that the sufficiency of an indictment cannot be reviewed in habeas corpus' proceedings. * * * A mere failure to allege venue, and thus to show affirmatively that the crime was committed within the territorial jurisdiction of the court, does not deprive the court of jurisdiction over the cause, and the sufficiency of the indictment cannot be called in question upon habeas corpus. Even though an indictment thus drawn might have been found defective upon demurrer or writ of error, it is not so fatal, upon its face, as to be open to collateral attack after trial and conviction."

In 39 C.J.S. Habeas Corpus § 20, p. 462, it is written:

"Where at (an) attempt has been made to charge an offense of a kind over which the court has jurisdiction, mere inartificiality in pleading, or defects or irregularities in, or insufficiency of, the indictment, information, or complaint constitute no ground for relief by habeas corpus."

The circuit court in its findings in this Habeas Corpus proceeding made this finding, which has ample support in the record:

"At the last hearing in this Court a showing was made that the Defendant in the criminal proceedings and his attorney were informed of and knew the name of the alleged purchaser and in effect acquiesced in leaving his name out of the court records before the trial. Although the Information itself did not contain the name of the alleged purchaser, the entire record is such that the Judgment could be pleaded in bar of another prosecution based upon the same transaction."

We agree. Further, no objection was made at the trial of the criminal action about the sufficiency of the information, except as we have heretofore set out, and certainly none made about the purchaser's name having been omitted.

It is also interesting to note, though not particularly germane to the issue in our case in view of the liquor offenses in Burchard, Valentine, and Blue Fox Bar, Inc., supra, that there is considerable authority holding the absence of the name of the transferee of a narcotic or drug in an indictment is not fatally defective. Sanchez v. United States, 1965, 5 Cir., 341 F.2d 379, holds that the test of an indictment is whether it sufficiently identifies the offense, not whether it might have been more complete. In Aggers v. United States, 1966, 8 Cir., 366 F.2d 744, the court said "Aggers first ground for reversal is thus stated: 'The Court erred in overruling Defendant's Motion to Dismiss the indictment in that it failed to inform the defendant Aggers of the alleged purchaser of the narcotics involved therein.' Such contention is devoid of merit."

We have considered all of applicant Williams' contentions in this Habeas Corpus proceeding.

The judgment quashing the writ is affirmed.

HANSON, P. J., and BIEGELMEIER and WOLLMAN, JJ., concur.

DOYLE, J., not participating.