CREW, Petitioner v. NELSON, Respondent

(216 N.W.2d 565)

(File No. 11273. Opinion filed April 3, 1974)

Michael B. Crew of Crew & Crew, Vermillion, for petitioner.

Neil Carsrud, Asst. Atty. Gen., Pierre, for respondent; Kermit A. Sande, Atty. Gen., Pierre, Arthur L. Rusch, Clay County State's Atty., Vermillion, on the brief.

DUNN, Justice.

Appellant pled guilty to the misdemeanor charge of possession of marijuana, less than one ounce, in the District County Court for Clay County on January 18, 1973. He was sentenced to serve 15 days in the county jail and to pay a fine of $100 plus costs. No court reporter was present and a bare skeleton record was kept of the arraignment and sentencing by a deputy clerk of courts. Appellant then filed an application for a writ of habeas

corpus in circuit court, which was heard on January 25, 1973. Following the hearing, appellant was released on $250 bail. After submission of briefs, the circuit court quashed the writ and this appeal is taken from the order quashing the writ.

SDCL 23-52-3 replaces all other remedies, including habeas corpus, which were previously available to a defendant challenging the validity of his conviction or sentence. The appellant's petition, while nominally seeking a writ of habeas corpus, does not refer to any statute and fulfills all of the requirements of the post-conviction statute. The circuit court took jurisdiction and held a post-conviction hearing; following which it "quashed the writ of habeas corpus". We will treat the matter here as a denial of post-conviction relief as no one has been prejudiced by the use of the wrong words in seeking the right remedy.

The scanty record kept of the proceeding in District County Court failed to show whether appellant had been advised of his basic constitutional rights as outlined in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, and in this court's decision in Nachtigall v. Erickson, 85 S.D. 122, 178 N.W.2d 198. At the habeas corpus hearing, however, evidence was permitted from the District County Judge outlining the explanation of constitutional rights given to the appellant at the original arraignment which was held just one week earlier. This statement of the District County Judge was not refuted by the appellant.

The main contention here is that Boykin requires that the record of a defendant's guilty plea in a misdemeanor case as well as in a felony case must affirmatively show that there was a free and intelligent waiver of the basic constitutional rights of self-incrimination, confrontation of witnesses and jury trial, and an understanding of the nature and consequences of the plea before it can be sustained. The record is deficient unless the evidence produced at the post-conviction hearing can be used to establish that the accused was advised of his constitutional rights at the time of entering his plea and that his plea was voluntarily and intelligently made.

We first conclude that the Boykin standards of arraignment apply generally to misdemeanor cases. A misdemeanor

defendant has the same rights to trial, to confronting his accusers, and to his privilege against self-incrimination. Thus we see no rational basis for making a distinction between a felony and a misdemeanor case.

In Merrill v. State, 1973, 87 S.D. 285, 206 N.W.2d 828, this Court joined other jurisdictions in holding that *"Boykin* does not require the record to show an express enumeration by the court nor an express waiver by the defendant of the constitutional rights mentioned in *Boykin* as a condition precedent to a voluntary and intelligent guilty plea." In a post-conviction hearing, evidence from the attorney who had represented petitioner at the time of arraignment and plea was used to establish the fact that petitioner was fully advised of his constitutional rights before the plea was taken.

■ We see no reason to deviate from the position taken in Merrill in this misdemeanor case. The record made at the post-conviction habeas corpus hearing clearly showed the defendant was made aware of the rights guaranteed him by the Constitution. The only claim is that the record made at the post-conviction hearing will not satisfy the mandate of Boykin. Nowhere in Boykin can it expressly or impliedly be found that a record made at a post-conviction proceeding is inadequate. Boykin does indicate that collateral proceedings are not the best suited for the making of a record on constitutional rights, but nowhere does it say that such a record is inadequate or unacceptable. For this reason we do not feel that our holding here is repugnant to Boykin and we further feel that it clearly falls within the guidelines set out in Merrill.

This is the first time that the South Dakota Supreme Court has concluded that Boykin requirements apply to misdemeanor guilty pleas as well as to felonies. We recognize that this holding will place some additional burdens on justice, municipal and district county courts, and seeking to limit its impact, the Court concludes that its holding is to be prospective only, that is, only applied to guilty pleas taken after the date of this decision. Further, the procedures in these misdemeanor courts need not be as detailed as in the felony courts. It would seem that it would be entirely proper for the trial courts to advise all of the defendants

assembled at a given time for arraignments of their constitutional rights and to note in the record of each case that this procedure was followed. Guilty pleas entered in courts where no stenographic transcript is kept or pleas through counsel would still be valid so long as they are accompanied by an adequate written waiver showing that the defendant was aware of his constitutional rights and was waiving them in making his plea. These suggestions are not exhaustive of the various acceptable means that trial judges may devise to run their busy courts efficiently and still not impair the constitutional rights of the defendants. However, we wish to make it clear that the obligation is upon the courts to devise procedures that will advise defendants of their rights and still not unduly inconvenience the defendants and the courts.

■ We still hold to the view that the preferred procedure is for the court to actively participate in advising the accused of his rights on the record before permitting the entry of a guilty plea. We merely hold here that where the court fully advised defendant of his rights but failed to make a stenographic record of the same pursuant to the usual procedure in misdemeanor courts to date, that this lack of a written record does not vitiate the plea. In accordance with Merrill we will consider collateral evidence from the trial judge which clearly shows that the petitioner was aware of his constitutional rights and that he understood those rights at the time of plea.

The judgment of the trial court is affirmed.

All the Justices concur.