STATE, Respondent-Appellee v. MINKEL,
Petitioner-Appellant

(230 N.W.2d 233)

(File No. 11469. Opinion filed June 12, 1975)

Milton Buechler, Lennox, for petitioner-appellant.

Earl Mettler, Asst. Atty. Gen., Pierre, for respondent-appellee; Kermit A. Sande, Atty. Gen., Pierre, on the brief.

WINANS, Justice.

The petitioner in this appeal, Dean Minkel, was convicted of violating SDCL 32-34-3 and 5, which set forth the duty of a vehicle operator to stop in the case of an accident and give information and render aid.

At his trial the only evidence offered by the prosecution to prove the hit-and-run offense was a stipulation stating what the investigating officer would have said if he had been present in Court. In substance, the stipulation stated that petitioner, while driving his motor vehicle, struck a man on a bicycle causing him to crash to the ground resulting in his injury and death. Further, that petitioner failed to immediately stop his vehicle and give information and reasonable assistance to the victim.

Petitioner contends that his conviction is invalid because the state failed to prove the element of his knowledge of the accident and that he was unaware of the accident until he returned home and noticed that his right mirror was bent, whereupon he promptly called the police and returned to the scene of the mishap.

Based on his conviction for hit-and-run it was found that petitioner had violated the terms and conditions of a suspension of imposition of sentence for a Burglary in the Third Degree conviction which occurred in 1973. The court, therefore, issued an order revoking the suspension of imposition of sentence and ordered that the defendant (petitioner) be imprisoned in the state penitentiary for two years. Petitioner subsequently applied for and was denied a Writ of Habeas Corpus. It is from this denial that petitioner appeals.

 In this case the defendant is seeking habeas corpus instead of post-conviction relief under SDCL 23-52-3.1. The same situation arose in Crew v. Nelson, 1974, 88 S.D. 162, 216 N.W.2d 565, 566, where we said:

> "SDCL 23-52-3 replaces all other remedies, including habeas corpus, which were previously available to a defendant challenging the validity of his conviction or sentence. The appellant's petition, while nominally seeking a writ of habeas corpus, does not refer to any statute and fulfills all of the requirements of the post-conviction statute. The circuit court took jurisdiction and held a post-conviction hearing; following which it 'quashed the writ of habeas corpus'. We will treat the matter here as a denial of post-conviction relief as no one has been prejudiced by the use of the wrong words in seeking the right remedy."

It appears to us that we should approach this case in the same manner; therefore, the cases cited by respondent, Attorney General, pertaining to habeas corpus are inapposite, as the post-conviction statute gives greater latitude in raising appealable error than does habeas corpus.*

Under this approach, we reach the substantive question raised concerning knowledge of the defendant at the time of the collision.

---

* Habeas corpus has generally been held to only cover jurisdictional and constitutional questions. State ex rel. Burns v. Erickson, 1964, 80 S.D. 639, 129 N.W.2d 712. See also Application of Williams, 1972, 86 S.D. 208, 193 N.W.2d 793.

If this Court were to hold that knowledge is to be considered a requirement of SDCL 32-34-3, adequate proof of this element was presented by the prosecution at Appellant's trial. It has been stated that "Knowledge may be proved by circumstantial evidence and the jury may consider all of the facts and circumstances which are indicative of knowledge". State v. Snell, 1964, 177 Neb. 396, 128 N.W.2d 823, 828. See also 23 A.L.R.3d 514.

 This Court believes that proof of an auto accident which is so serious that it results in death may, in itself, be sufficient for an inference of knowledge, absent a showing of extraordinary circumstances. The issue of whether defendant possessed the knowledge requisite for a conviction was for the trier of fact. It is emphatically not an appropriate function of this Court in a criminal case to "resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence". State v. Snell, supra, 128 N.W.2d at 826. On the stipulation of facts in the record, with no evidence to the contrary and no objection to the evidence by counsel, it cannot be said that the trial court erred in its findings. Indeed, the assertions in the stipulation at Petitioner's trial only support the inference of knowledge. The stipulation states:

> "That if Lyle B. Nelson were present in Court he would testify that he is a South Dakota State Patrol Officer, and investigated an accident occurring on the 26th of November, 1973 on Highway #44 immediately south of Elm Street in Lennox, Lincoln County, South Dakota; that the defendant, Dean E. Minkel, operated a motor vehicle at said place at about 11:15 o'clock A.M. in such a manner that the right side of said motor vehicle struck Glen Erwin Brookens, who was operating a bicycle, resulting in injury and death of Mr. Brookens, and that Dean E. Minkel failed to immediately stop the vehicle he was operating at the scene of said accident and give his name and address and registration number of his vehicle, and render reasonable assistance to Mr. Brookens."

Thus, both the court which convicted Appellant of the hit-and-run violation and the court which heard the habeas

corpus petition had adequate grounds to support a finding of knowledge.

■ The applicable standard of proof for showing knowledge was set forth in People v. Holford, 1965, 63 Cal.2d 74, 45 Cal.Rptr. 167, 171, 403 P.2d 423, 427, where it was stated:

> "[S]uch knowledge must be derived from the surrounding facts and circumstances of the accident. * * * Yet the driver who leaves the scene of the accident seldom possesses actual knowledge of injury; by leaving the scene he forecloses any opportunity to acquire such actual knowledge. Hence a requirement of actual knowledge of injury would realistically render the statute useless. We therefore believe that criminal liability attaches to a driver who knowingly leaves the scene of an accident if he actually knew of the injury or if he knew that the accident was of such a nature that one would reasonably anticipate that it resulted in injury to a person." (citations omitted)

It is difficult to imagine any accident involving contact between an automobile and a bicycle in which a reasonable driver would not know that the collision occurred. Moreover, when that collision is serious enough to cause death, the inference that the driver knew of it becomes even stronger. Thus, we hold that "[t]he evidence of the state, including the reasonable inferences which the jury (in the instant case, the Court) was at liberty to draw from the circumstances presented, is sufficient to justify its verdict." State v. Bates, 1955, 76 S.D. 23, 71 N.W.2d 641.

The judgment appealed from is affirmed.

DUNN, C. J., and DOYLE and COLER, JJ., concur.

WOLLMAN, J., concurs specially.

WOLLMAN, Justice (concurring specially).

I agree that the judgment denying post-conviction relief should be affirmed.

I also agree that knowledge is an element of SDCL 32-34-3 and 32-34-5. This court implied as much in State v. Tarbell, 64 S.D. 330, 266 N.W. 677. See especially Judge Campbell's special concurrence, 64 S.D. at 338, 266 N.W. at 681.

I would not reach the question of the sufficiency of the evidence. A post-conviction proceeding is not a substitute for the remedy of direct review of a criminal conviction. State v. Roth, 84 S.D. 44, 166 N.W.2d 564.

Although I do not reach the question of the sufficiency of the evidence, I agree generally with the statements in the majority opinion regarding the state's burden of proof in establishing the fact of knowledge under SDCL 32-34-3 and 32-34-5. To me at least, the court's decision today lays to rest the tortured use of the circumstantial evidence rule that resulted in the reversal of the conviction in State v. Tarbell, supra.