## THE STATE OF KANSAS v. G. C. PALMER.

1. FALSE PRETENSES — *Sufficient Indictment. Held*, That the indictment stated an offense, advised the defendant of everything that he was required to meet; that although it was informal in some respects, yet that none of the substantial rights of the defendant were prejudicially affected by any of the supposed defects, and hence that the indictment was sufficient.

2. CRIMINAL CASE — *Trial — Adjournment — Record.* If it were shown that the trial was adjourned for two days and the jury permitted to separate, it would still be presumed in the absence of anything to

the contrary, that the adjournment was for a sufficient reason, and that the court in every respect did all that was proper to be done in the case; but *held*, in this case, that no such adjournment or separation is shown by the record.

3. —————— *Remarks of Judge.* Where the court urged the jury to agree upon a verdict, but it is not shown that they agreed or rendered their verdict on that day or the next day, nor until the third day, *held*, no material error was committed.

4. FALSE PRETENSES — *Evidence — Variance.* Where an indictment alleges that the defendant obtained money by means of false pretenses, and the evidence shows that he obtained a check upon a bank, and that the drawer of the check went with the defendant to the bank, identified him, and that the bank then took the check from the defendant, paid him the money it called for out of money deposited in the bank by the drawer, and charged the same to the drawer's account, *held*, no variance in the proof.

5. —————— *Held,* That no material error was committed, either in giving or in refusing instructions.

6. —————— *Absence of Judge — Adjournment by Pro Tem. Judge.* In the absence of the regular judge of the district court, or if he makes no order to the contrary, a *pro tem.* judge may adjourn the court from day to day until the case of which he has charge has been finally disposed of; and, even after the case placed in his charge has been finally disposed of, he may adjourn the court to some other day for the trial or hearing of other cases set for trial or hearing during that term and which have not yet been disposed of.

### *Appeal from Finney District Court.*

PROSECUTION for obtaining money under false pretenses. At the May term, 1888, the defendant *Palmer* was found guilty, and sentenced to two years in the penitentiary. He appeals. The opinion states the facts.

*A. J. Hoskinson,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Irwin Taylor,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution in the district court of Finney county upon the following indictment, (omitting title and signature,) to wit:

"At the January term of said court, 1888, the jurors of

the grand jury of said county, duly impaneled, sworn, and charged to inquire and true presentment make of all public offenses against the laws of the state of Kansas cognizable by said court, committed or triable within said county, on their oaths do find and present that G. C. Palmer, on the 4th day of November, 1887, at the county of Finney and state of Kansas, unlawfully, feloniously and designedly, with the intent to cheat and defraud one A. D. Cirtwell, did falsely pretend and represent to the said A. D. Cirtwell, that he the said G. C. Palmer was then the owner of a certain three-year-old roan mare, then in his possession in said county, which he desired to sell, and could pass a good title to the said three-year-old roan mare. And the said A. D. Cirtwell, believing the said false pretenses and representations so made as aforesaid to be true, and being deceived thereby, was induced by the said false pretenses and representations so made as aforesaid to purchase from said G. C. Palmer said three-year-old roan mare, and to pay to said G. C. Palmer the sum of seventy-five dollars, which said sum of seventy-five dollars A. D. Cirtwell did then and there pay to said G. C. Palmer for the purchase of said mare; and the said G. C. Palmer, the said seventy-five dollars of the moneys and property of the said A. D. Cirtwell, by means of said false pretenses and representations aforesaid, unlawfully and feloniously did obtain and receive of and from the said A. D. Cirtwell, with the intent him the said A. D. Cirtwell then and there to cheat and defraud of the same, whereas in truth and in fact the said G. C. Palmer was not then and there the owner of said three-year-old roan mare, and had not the right and power to sell the same and to pass a good title to said mare, which he the said G. C. Palmer then and there well knew; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

Upon this indictment the defendant was tried before the court and a jury, and was found guilty, and sentenced to imprisonment in the penitentiary for the term of two years, and from this sentence he now appeals to this court.

I. It is claimed that the indictment is insufficient. Now while it is not as formal in some respects as it might be, yet we think it states an offense. It advised the defendant of everything that he was required to meet, and none of his substantial rights were prejudicially affected by any of the sup-

posed defects of the indictment.   Hence under the criminal code we think it was sufficient.

II. It is claimed that the court below erred in adjourning the trial for two days, and in permitting the jury in the meantime to separate. But no such adjournment nor any such separation is shown by the record. But even if the same had been shown, it would still be presumed that the adjournment was for a sufficient reason, and that the court in every respect did all that was proper to be done in the case.

III. It is claimed that the court below erred in calling the jury into court on May 29, 1888, while they were deliberating upon their verdict, and telling them that unless they agreed upon a verdict they would be compelled to stay in the jury-room during May 30, a legal holiday. This was not a material error under the circumstances of this case, for the jury did not render their verdict on May 29 or on May 30, but rendered it on May 31; and whether they remained in the jury-room from May 29 to May 31, or where they were during that time, or when they agreed upon their verdict other than as above stated, is not shown.

IV. Several alleged errors are founded upon the asserted fact that the defendant obtained from Cirtwell a check, and not money. The evidence, however, shows that Cirtwell drew the check for $75 in favor of the defendant upon the Bank of Western Kansas, and then went with the defendant to the bank, identified him, and the bank then took the check from the defendant and paid him $75 out of money deposited in the bank by Cirtwell, and charged the same to Cirtwell's account. This was certainly the obtaining of money as well as the obtaining of the check. (*Roberts v. The People,* 9 Col. 458, 473, 474; same case, 13 Pac. Rep. 631.)

V. One instruction was given by the court, which, if taken alone, might be criticized as being somewhat defective in its statements; but taking it along with the other instructions of the court, we think no material error was committed. The defective statements in the foregoing instruction were amply

supplied by more complete statements in the other instructions. The jury could not have misunderstood the charge taken as a whole, and they could not have been misled by any of the instructions as to the law of the case. We think no material error was committed either in giving or in refusing instructions.

VI. On May 31, 1888, the verdict of the jury was rendered, but the sentence was not pronounced until June 9, 1888. In the meantime, and on June 4, 1888, while the court was in session, a *pro tem.* judge was selected to take charge and dispose of a certain particular case, and the regular judge of the court left the court room, and was not present again until June 6, 1888. On June 4, 1888, the *pro tem.* judge, after holding the court till in the night, adjourned the court until June 6, 1888. The counties of Finney and Wichita are in the same district, and on June 5, 1888, the regular term of the district court of Wichita county commenced, and it was adjourned until June 12, 1888. It is now claimed that the *pro tem.* judge of the district court of Finney county had no power to adjourn that court from June 4, 1888, over to June 6, 1888, and that as the district court of Wichita county commenced its session on June 5, 1888, the district court of Finney county lapsed, and that on June 9, 1888, when the district court of Finney county sentenced the defendant, there was really no such court in session, and therefore that the sentence was and is void. We think, however, that the adjournment by the judge *pro tem.* was valid. A *pro tem.* judge certainly has the power to adjourn the court from day to day until the case of which he has charge has been finally disposed of. And even after the case placed in his charge has been finally disposed of, still the *pro tem.* judge might adjourn the court to some other day for the trial or hearing of the other cases set for trial or hearing during that term and which had not yet been disposed of; provided, of course, that the regular judge should not be present or should not order otherwise. It is possible in such a case that the *pro tem.* judge could not legally adjourn the court *sine die;* but we should think that the necessities of the case

would require that he should have the power to adjourn the court from day to day or for a few days within a reasonable time, if there were still cases on the docket for that term not yet disposed of. At the time of the adjournment in this case by the *pro tem.* judge, several cases still remained on the docket undisposed of, which had previously been set for trial and for hearing at that term; and after the regular judge returned on June 6, 1888, he tried, heard, and disposed of all these cases. It has already been decided by this court that "the district court can adjourn the term in one county to a day subsequent to that fixed by law for the commencement of the regular term in another county of the same district;" (*The State v. Montgomery*, 8 Kas. 351;) and therefore all that remains to be decided in this case is whether a *pro tem.* judge under the circumstances of this case may order the adjournment or not. We think he may. The cases referred to by counsel for defendant decide merely that the district court cannot be held in two different counties of the same district at the same time. Such cases are not applicable to this case, for the reason that no such state of facts existed in this case.

We think there are no other questions in this case that require consideration.

The judgment of the court below will be affirmed.

All the Justices concurring.