## THE STATE OF KANSAS v. WILLIAM GAUNTS.

### No. 11373.

CRIMINAL PROCEDURE — *Time to Require Election of Offenses.* A defendant prosecuted by indictment containing a single count charging a single offense, but upon the trial of which evidence of two or more separate offenses is introduced by the state, may delay the making of a motion to compel an election as to the offense upon which a conviction will be asked until the conclusion of all the evidence in the case.

Appeal from Ottawa district court; R. F. THOMPSON, judge. Opinion filed June 10, 1899. Reversed.

*A. A. Godard*, attorney-general, and *F. D. Boyce*, county attorney, for The State.

*J. B. Tomlinson*, and *Mohler & Hiller*, for appellant.

The opinion of the court was delivered by

DOSTER, C. J. : This is an appeal from a conviction of the offense of what is commonly designated as

"statutory rape"; that is, of carnally knowing a female under eighteen years of age, without force and not against her will. The prosecution was by indictment, which contained but one count, and alleged the commission of the offense on the 25th day of December, 1896. The evidence on behalf of the state tended to show two offenses, one in November, the other in December, 1896. The defendant did not move the court at the close of the evidence for the prosecution to require the state to elect upon which of the claimed offenses it would demand a conviction, as he might have done, but introduced evidence in denial of both the imputed acts. After the evidence was all in, and when the court was about to charge the jury, the defendant moved that the state be compelled to make its election. The court overruled the motion, upon the ground that it had been made at too late a stage of the trial. The overruling of this motion constitutes the principal claim of error.

The complaint of the appellant is well grounded. The rule is that, in indictments for felony charging a single offense, the defendant can only be held to answer for a single separate and complete felonious act. It may develop in the course of the trial of a defendant charged with a single offense that he has been, perhaps, guilty of two or more offenses of a like kind. In such cases it is the right of the accused to demand that the state elect as to which of the claimed offenses it will require him to respond. As to the limitations upon the right of the state in such cases to give evidence of more than one offense we have no concern. (*The State v. Stevens*, 56 Kan. 720, 44 Pac. 992.) The question of its right to do so is not before us. It did give such evidence in this case. At what time, then, should the defendant have exercised his right to compel an election?

In a number of cases the right of the defendant to compel this election at the close of the evidence in behalf of the prosecution and before being called upon to make his defense has been affirmed. (*The State v. Schweiter*, 27 Kan. 500; *The State v. Crimmins*, 31 id. 376, 2 Pac. 574.) All the cases cited to us are cases in which the question of the defendant's right to compel an election at that time was alone involved; hence the defendant's right to compel an election at a later time has not yet been determined, so far as we know. In some of the decisions language is used from which the right to compel an election at any time before final submission to the jury might be inferred. (*Wash v. The State of Mississippi*, 14 Sm. & M. 120; *Mart Womack v. The State*, 7 Colo. 509.) In *Goodhue v. The People*, 94 Ill. 37, the motion to require an election was made at the close of all the evidence. The court held that it should have been sustained, but the holding seems to have been made upon the general doctrine of the right of the defendant to limit the prosecution to a single offense. The question as to the proper time at which the motion for an election should be made was not discussed either by court or counsel. In *The State v. Bonsor*, 49 Kan. 758, 31 Pac. 736, the motion for election was made after all the evidence had been introduced. The state made an election. The defendant then moved for the exclusion of all evidence from the jury that did not tend directly to prove the commission of the particular act relied upon for conviction. This motion was overruled, and it was held to be error.

Upon principle we are constrained to believe that the defendant in this case had a right to require an election after all the evidence was introduced and before the time for the court's charge to the jury and the

argument of the case.  The trial had not ended.  The instructions had not been given.  The arguments had not been made.  The defendant had not yet finally submitted his defense to the consideration of either court or jury, and until he had done so his right to demand the elimination from the case of all matters not properly subjects of consideration remained with him.  Until the court commenced the reading of its charge to the jury he had the right to require the presentation of such law only as bore upon a single separate offense, and until the argument in behalf of the state and in his own behalf had commenced he had the right to require that the discussion be confined to the question of his guilt of one single separate offense.  Indeed, it would seem that so far as the state is concerned the appropriate time for the making of an election is at the close of all the evidence.  Until that time the facts in direct proof and in defense of the charge and in rebuttal of the defendant's evidence are not all fully disclosed.  At that time more than at any other the state can intelligently determine for which of the several separate criminal acts it will demand a conviction.  Therefore no right of the state can be jeopardized or made more difficult of assertion by the delay of the defendant's motion.  A claim of waiver of defendant's right by his delay can only be predicated upon the theory of prejudice to the state in consequence of the delay ; hence, if no prejudice result, no waiver occurs.  The mistake of the court below was in regarding the rule of the cases of *The State v. Schweiter* and *The State v. Crimmins*, supra, and other like cases, as a rule of restriction and not of privilege.  These cases do not declare a time beyond which the motion for an election may not be made ; they only declare that it may be made at the time stated.

Some minor claims of error are made. They are not well founded. However, for the reasons given, the judgment of conviction is reversed and a new trial ordered.