No. 20,401.

THE STATE OF KANSAS, *Appellee,* v. MYRON O. HOLMES, *Appellant.*

SYLLABUS BY THE COURT.

1. INFORMATION—*Obtaining Property by False Pretenses—Information Sufficient.* An information which charged in effect that the defendant through another fraudulently effected a sale of his team of horses; that he afterwards approached the purchaser and falsely represented that the horses so sold had been stolen from him; that he then demanded a return of the team or the payment of their value; that the purchaser gave him a check for their value, which was the equivalent of money; and that he and his accomplice thus conspired together to cheat and defraud the purchaser, and had obtained a check, a thing of value, by false pretenses, stated an offense under section 94 of the crimes act (Gen. Stat. 1909, § 2584).

2. SAME — *Averment of Conspiracy — Information Not Vitiated.* The averment that another conspired and coöperated with the defendant in obtaining the check by false pretenses did not vitiate the charge against the defendant nor leave room for doubt as to the offense alleged.

3. FALSE PRETENSES—*Obtaining Valuable Check—Offense Complete.* In such a prosecution an essential element to be proven is that the fraud was accomplished by the false pretenses alleged, and although the money had not been paid on the check when the defendant was arrested and was subsequently restored to the drawer, it was a thing of value when given, as there was money in the bank for its payment, and therefore the fraud was accomplished and the offense charged was complete when the check was obtained by the defendant.

4. SAME—*Restoration of Property—Did Not Expiate the Crime.* A restoration of check, money or property fraudulently obtained by an accused does not wash away the criminality of his acts.

5. SAME—*Former Decision Overruled.* The State v. Lewis, 26 Kan. 123, overruled.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed May 6, 1916. Affirmed.

*A. Schulman,* of Garden City, *Edgar Foster,* and *Walter L. Bullock,* both of Dodge City, for the appellant.

*S. M. Brewster,* attorney-general, *John L. Hunt,* assistant attorney-general, *Karl Miller,* county attorney, and *L. A. Madison,* of Dodge City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Myron O. Holmes was prosecuted on a charge of fraudulently obtaining from T. F. Garner a check of the value of $265 by false pretenses. The information in effect charged that the defendant, who owned two horses, procured one Adkins to sell them to Garner, and that the defendant soon afterwards approached Garner and represented to him that the property had been stolen from the defendant, and he thereupon demanded the return of the horses or the value of them; and that Garner, believing the representation to be true, gave him a check payable to the defendant of the value of $265. It is alleged that the defendant conspired to cheat Garner by arranging with Adkins to take the horses and sell them and afterwards claim the horses as his own, and that he and Adkins would divide the money so fraudulently obtained. The defendant retained the check given him by Garner for a short time. Before it was cashed the arrest was made, and the check was subsequently restored to Garner. Proof of confessions made by the defendant were received in evidence, and upon this and other testimony he was convicted of the charge.

There is a complaint that the information did not state an offense, and that his motion to quash should have been sustained. The information states an offense under section 94 of the crimes act (Gen. Stat. 1909, § 2584). The allegation that another conspired and coöperated with the defendant in fraudulently obtaining a check by false pretenses did not vitiate the information nor give cause for doubt as to the offense intended to be alleged. Neither was there any ground for the contention that the information charged no more than an attempt to cheat and defraud, as the averment was that the check had been obtained by fraudulent pretenses and that it was a thing of value. A completed offense was charged.

Error is assigned on the admission of testimony of some acts and declarations of Adkins, who aided the defendant in the commission of the offense. This objection is hardly available, as the testimony appears to have been received without objection. However, proof of the conspiracy to commit the offense having been shown, the acts and declarations of either party engaged in the criminal acts were admissible in evidence. (*The State v. Miller,* 35 Kan. 328, 10 Pac. 865.)

Complaint is made of the exclusion of the testimony of the wife of the defendant to the effect that a confession was obtained from her husband by promises of leniency or immunity. It appears that the defendant made a number of statements admitting the acts charged against him. Only two of these statements or confessions were offered in evidence. The excluded testimony related to a confession that was not introduced in evidence, and hence there could be no error in the ruling.

The final contention is that a crime was not shown to have been committed because money was not paid upon the check obtained by the defendant. One of the essential elements of the offense is that the fraud must be actually accomplished by means of the false pretenses. (*The State v. McCormick,* 57 Kan. 440, 46 Pac. 777, 57 Am. St. Rep. 341; *The State v. Briggs,* 74 Kan. 377, 86 Pac. 447, 7 L. R. A., n. s., 278.) Attention is called to the early case of *The State v. Lewis,* 26 Kan. 123, in which it was held that an averment to the effect that the accused had induced a person by false pretenses to pay him a bank check, money and a bank draft, did not charge the offense of obtaining money or property by means of false pretenses. In this decision, from which Justice Brewer dissented, a very narrow and restricted meaning was given to the word *paid* and a strained interpretation was placed upon the language of the information. The rule there stated can not be followed and is overruled. In the present case it was alleged and proven that a check was fraudulently obtained. There was money on deposit in the bank on which it was drawn sufficient to have paid it. It was property, a thing of value, and was taken as the equivalent of money. When it was obtained the injury was inflicted, the fraud accomplished and the offense was complete. The surrender of the check by the defendant a week later did

not take away the criminal character of his acts. A promise to return, or the restoration of money or property fraudulently obtained by false pretenses, does not operate to purge the offense previously consummated. (11 R. C. L. 843.)

The judgment is affirmed.