The State v. Stanley.

---

No. 25,049.

The State of Kansas, *Appellee,* v. Frank Stanley, *Appellant.*

SYLLABUS BY THE COURT.

1. Criminal Law — *Obtaining Money Under False Pretenses — Information Charges a Public Offense—Evidence Supports Conviction.* In a prosecution of the accused for the offense of obtaining money with the intention to defraud another by the false pretense that he was the owner of real estate sold to the other, proof that he falsely represented and pretended that he was the owner, and did so with the intention to defraud the purchaser, and by such pretense induced the purchaser to part with his money to his loss, is sufficient to uphold a conviction, and the accused is not relieved from criminal liability by the fact that he had an option contract of purchase of the property upon which he made default if the purchaser was induced to buy the property from the accused and part with his money on the faith of the representation of ownership falsely made by the accused with the intention of defrauding the purchaser.

2. Same. The evidence examined and held to be sufficient to support the verdict and judgment.

3. Same—*No Error in Admission of Evidence or Giving of Instructions.* The admission of certain evidence and the giving of certain challenged instructions examined and held to be without error.

Appeal from Wyandotte district court, division No. 3; William H. Mc-Camish, judge. Opinion filed July 5, 1924. Affirmed.

29—116 Kan.

*Guy L. Hursh,* of Topeka, for the appellant.

*Charles B. Griffith,* attorney-general, and *J. N. Baird,* county attorney, *Harry Hayward,* and *David E. Henderson,* assistant county attorneys, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Frank Stanley was charged with obtaining money under false pretenses. There was a conviction at a trial with a jury, from which he appeals.

Errors are assigned on the rulings in the admission of evidence and of the instructions given, as well as some that were refused, and the main contention is, that upon the evidence error was committed in overruling the defendant's motion to set aside the verdict and grant him a new trial. The false-statements and pretenses on which the charge was founded were that the defendant had represented to a purchaser that he owned certain lots on which there was a house, and had induced him to purchase the property, when in fact he did not own it, by reason of which the purchaser had lost $702.50, the amount paid on the purchase. It appears that on September 5, 1919, W. W. Rose was the owner of the property, and at that time gave A. W. Stubbs an option to purchase it for $2,200; $200 of that amount was paid in cash and the balance was payable in installments of $25 on the 5th day of each of the following months until all of the purchase price was paid. It was stipulated that the option might be extended, and there was a provision that Stubbs should not transfer his option without the consent of Rose. Stubbs made the required payments until September 30, 1920, when he executed an option contract with defendant substantially similar in terms to the one between Rose and himself, except that the purchase price agreed to be paid was $2,375. After the transfer to defendant, Stubbs continued to make payments to Rose, and all had been paid when this prosecution was instituted. After the transfer by Stubbs to the defendant, and on April 4, 1920, defendant contracted with F. M. Gottman, agreeing to sell him the property for the price of $2,600; $140 was paid in cash, and Gottman executed and delivered to defendant a promissory note for $100, due in fifty days, which was paid when the note matured. The balance of the purchase price was to be paid in monthly installments of $20 until full payment of the purchase price was made. Payments were made up to February 12, 1921, amounting in all to $702.80, when Gottman was served with a notice to vacate the property. At

that time Gottman offered to pay the defendant the balance of the purchase price if he would furnish a deed conveying good title to the property, but this was not done. It appears that the defendant made no payments to Stubbs except a small sum about the time he contracted to purchase the property, and because of his defaults the Gottmans were ejected from the premises at the suit of the owners of the property.

One contention of the defendant is that when he sold the property to Gottman and had received a payment thereon, he had a valid and enforceable contract from Stubbs, who in turn had contracted with the owner of the property, and that when payments had been made by Stubbs and himself and the conditions of the contract complied with, he could have compelled a conveyance to himself, and that this justified him in believing that he had a right to contract for a sale to Gottman and could then have furnished Gottman a title to the property. The false pretense charged and relied on is that he induced the purchase and procured the money on the representation that he was the owner of the property, and that the purchaser relied on defendant's false statement. Evidence was produced that the statement of ownership was made and that the purchaser relied on the statement when he bought the property and made the payment. If defendant had told the purchaser that Rose still owned the property, that he had contracted to sell it to Stubbs upon compliance with certain conditions and that defendant had a contract of purchase from Stubbs, and that when he had made the prescribed payments to Stubbs and Stubbs had made the payments to the owner, defendant would be in a position to convey a title to Gottman, he could well have insisted that there was an absence of criminal intent to defraud the purchaser. There is no evidence that when Gottman purchased the property he knew of these contingencies upon which ownership and right to convey depended. On the contrary, Gottman testified that defendant said nothing about options but represented himself to be the owner. The defendant necessarily knew that the representations as to ownership were false. To make out a case against him it was only necessary to show the false representation, that it was made by defendant with knowledge of its falsity, that it was relied on by Gottman, who had parted with his money and been defrauded by the pretense. According to the testimony these elements have been shown. The fact that defendant had an option or contract of pur-

chase does not negative the pretense of ownership nor lessen its criminality. It appears that his contract right with Stubbs had been forfeited by failure to make the required payments, with the result that Gottman has been dispossessed of the property and has lost $702.80. The money was obtained from Gottman on the theory of ownership by the defendant, and not on the uncertain contingency that two parties would make payments on options and that defendant might subsequently become an owner with the right to convey. It is argued that as defendant had the option or contract of purchase he had some interest in the land, and under the rulings in *Krhut v. Phares,* 80 Kan. 515, 103 Pac. 117, and *Robertson v. Talley,* 84 Kan. 817,.115 Pac. 640, he had legally bound himself personally by a contract to convey, and that Gottman either could have compelled a conveyance or have recovered damages if the defendant was unable to convey. Gottman was not buying a lawsuit, and his money was not obtained upon the basis that the defendant might possibly become an owner. The fact that defendant might subsequently have acquired the property and become able to convey would not relieve him from the penalty of the law, if the money was obtained from Gottman, in reliance on the false representation of ownership. (*The State v. McCormick,* 57 Kan. 440, 46 Pac. 777 ; *The State v. McDonald,* 59 Kan. 241, 52 Pac. 453.) The fraud was accomplished and the offense completed when the false pretense was made and the money obtained on the faith of it. What defendant hoped to do, or might have done under favorable circumstances in the future, would not take away the criminal character of his act done when he obtained the money by the false pretense. (*The State v. Holmes,* 98 Kan. 174, 157 Pac. 412.)

There is complaint of the admission in evidence of the option contract between defendant and Gottman. It was admitted for the purpose of showing the intent of the defendant to defraud, and was competent for that purpose.

Error is also assigned on the instruction that the signing and delivering of an agreement to convey real estate is a representation of ownership if the purchaser was thereby induced to believe that a person contracting to sell was the owner. In connection with this instruction, the court charged the jury that if the statements and representations of the defendant were not the inducement that led Gottman to purchase, but that he made other investigations on which he relied, the jury could not find the defendant guilty, and

that they should not only consider the contract but the entire evidence in determining the guilt or innocence of the defendant. We think the jury were not misled by the instruction on this phase of the case.

An examination of the charge given to the jury as well as the refusal of certain requested instructions leads to the conclusion that no material error was committed in that respect.

The judgment is affirmed.