No. 26,682.

THE STATE OF KANSAS, *Appellee*, v. J. H. TUDOR, *Appellant*.

SYLLABUS BY THE COURT.

1. TRIAL—*Misconduct of Counsel in Opening Statement—Admonition Curing Error*. Where the county attorney in his opening statement told the jury in a liquor case that a former trial of defendant's had resulted in a hung jury, and the trial court promptly instructed the jury to disregard such improper statement, no prejudicial error was committed.

2. INTOXICATING LIQUORS—*Information—Nuisance Sufficiently Charged*. There was no substantial defect in the count in the information charging defendant with maintaining a nuisance nor any shortage of evidence to support the verdict and judgment based thereon.

3. CRIMINAL LAW—*Reception of Evidence—Election Between Offenses*. Rule followed that in the prosecution of a defendant on one or more counts of an information charging certain specific offenses, where evidence is introduced by the state tending to prove several separate and distinct offenses committed by the defendant, it is the duty of the trial court, on motion of defendant, to require the prosecuting attorney to elect upon which particular criminal transaction testified to he relies for conviction in each particular count of the information.

4. SAME—*Reception of Evidence—Election Between Offenses—Nonprejudicial Failure to Elect*. Where one of several counts of an information charging various unlawful sales of intoxicating liquor is specific and precise, and all the evidence pertaining thereto is definite and exclusively directed to that particular count, and the record discloses nothing to indicate that defendant was misled or· handicapped in preparing his defense thereto, a verdict of guilty and a judgment on such count will not be set aside because the trial court overruled defendant's motion to require the county attorney to elect on what particular transaction testified to he relied to support the charge comprehended in that particular count.

Appeal from Stafford district court; RAY H. BEALS, judge. Opinion filed November 6, 1926. Reversed on three counts; affirmed on three counts.

*Paul R. Nagle, Robert Garvin* and *Evart Garvin*, all of St. John, for the appellant.

*C. B. Griffith*, attorney-general, *Roland Boynton*, assistant attorney-general, *William Davison*, county attorney, and *W. A. Huxman*, of Hutchinson, for the appellee.

Criminal Law, 16 C. J. pp. 860 n. 15,. 861 n. 28, 917 n. 67, 919 n. 73; 17 C. J. p. 289 n. 4. Indictments and Informations, 31 C. J. p. 662 n. 6; 23 R. C. L. 198. Intoxicating Liquors, 33 C. J. pp. 734 n. 24, 770 n. 17.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of various infractions of the prohibitory law.

It appears that defendant conducted a mercantile and grocery establishment in St. John, and did a considerable business in the sale of vanilla extracts which contained a high percentage of alcohol and which some of his customers purchased for use as a beverage. As a consequence, he was prosecuted on twelve counts for unlawful sales of intoxicants, four counts for unlawful possession of intoxicating liquor, and one count for maintaining a liquor nuisance. The first four counts of the information pertained to a considerable but indefinite number of alleged sales of Forbes' vanilla extract, an intoxicating liquor, to one Frank Brown. The jury acquitted defendant on those counts, and they need no further consideration.

The fifth count charged defendant with a sale of intoxicating liquor (vanilla extract) to one Herman Logan on the —— day of January, 1925. The sixth count was precisely identical with the fifth. The seventh count was identical with the fifth and sixth, except that the alleged sale was made on the —— day of September, 1924. A conviction was had on these three counts.

The eighth, ninth, tenth and eleventh counts pertained to alleged sales to one Emmett Mason, but a verdict of not guilty was rendered thereon.

The twelfth count pertained to an alleged sale to one Fred Lewis. The defendant was convicted thereon.

The thirteenth, fourteenth, fifteenth and sixteenth counts charged defendant with having unlawful possession of intoxicating liquors in December, 1924, and in January, July and August, 1925. A new trial was granted on counts 13, 15 and 16, and judgment and sentence were imposed in accordance with the verdict returned on count 14.

A verdict of guilty was also rendered on a nuisance count, number 17.

Judgment on counts 5, 6, 7, 12, 14 and 17 was rendered accordingly, with jail sentences thereon to run consecutively.

Defendant appeals, urging various trial errors and objections to the judgment.

Noting these as they are argued, defendant's first complaint is that error was committed when the county attorney told the jury in

his opening statement "that the case had been tried once before and that the jury had disagreed, and that the trial had resulted in a hung jury." This statement was gratuitous and improper, but the trial court gave the jury a timely admonition to disregard it, and this court is not in a position to say that the incident was prejudicial.

Defendant emphasizes the fact that vanilla extract is a standard culinary article, regularly handled by wholesale houses and grocery stores and that housewives were his chief customers. But Herman Logan, to whom defendant made a number of sales of the extract at different times, testified that in September or October, 1924, he bought some of the extract to drink. That testimony manifestly pertained to count 7 upon which defendant was convicted. Defendant urges quite correctly that in all the other sales testified to by Logan he did not buy for drinking purposes, but only to use the bottles of extract as evidence against defendant in this prosecution. But these sales could have no practical significance except as they might relate to counts 5 and 6, which will be effectively disposed of later in this opinion, and this unique point need not be decided.

Defendant's next contention is that the demurrer to the evidence adduced to prove the nuisance count should have been sustained. Under this assignment it is argued that the pleader mixed his tenses in the information in the manner held fatally defective in *State v. Chiles*, 64 Kan. 453, 67 Pac. 884. Hardly so. In that case the pleader charged that Chiles *had formerly kept* a place where liquors *are now sold*. Of course that was poor pleading, and the case was decided many years ago when the art of pleading occupied a relatively higher place in the practice of criminal law than it does to-day. (*State v. Fleeman*, 102 Kan. 670, 171 Pac. 618; *State v. Seidel*, 113 Kan. 390, 392, 214 Pac. 565.) Furthermore, the charge in this case is not justly subject to the criticism laid against the information in the Chiles case. Here the charge is that in the buildings and places described—

"On the —— day of January, 1925, and for two years prior thereto, and continually and on divers days and times . . . until the present time, January 2, 1925, . . . defendant kept and maintained and does now keep and maintain a common nuisance, etc."

Added to this were the characteristic adverbs, phrases and recitals of a criminal information, but the language quoted is sufficient to show that the nuisance count was sufficiently well pleaded to enable

defendant to prepare his defense thereto and the court to pronounce sentence thereon upon a verdict of guilty. And that is all that is required to uphold a criminal pleading against a motion to quash (*State v. Hutzel*, 108 Kan. 456, 195 Pac. 887), and such a pleading is no less potent against a demurrer to the evidence. Indeed, demurring to the evidence was not a proper method of questioning the sufficiency of the nuisance charge; and there was no lack of evidence to support the verdict and judgment thereon.

The twelfth count of the information, on which a verdict of guilty was returned, charged a sale of liquor by defendant on the —— day of August, 1924, to one Fred Lewis. All the evidence to support this charge was that given by Fred Lewis, who testified:

"I bought Forbes' vanilla extract from J. H. Tudor here in St. John, in the store in 1924, on Sunday. I bought the extracts from Tudor more than once. I couldn't say how many times, because I don't remember. . . . I bought some vanilla extracts from Mr. Tudor once or twice before. . . . I just went in there and bought it like you would buy any other article of merchandise, in daylight, when people were in the store trading like they always did. . . . It was on Sunday I bought these extracts. There were other people in there. I bought from one to two bottles."

Defendant moved the court to require the county attorney to elect on which one of the many sales thus testified to by Lewis the state relied for a verdict on this count, number 12. This was denied, and error is seriously urged thereon. This court has frequently decided that in such a situation, and where evidence of multifarious and unrelated sales is offered in support of the charge, it is the duty of the court, on motion of the defendant, to require the prosecutor to elect upon which transaction he will rely for conviction. In *State v. Crimmins*, 31 Kan. 376, 379, 380, 2 Pac. 574, this court said:

"We suppose that upon a criminal trial, where the state has offered evidence tending to prove several distinct and substantial offenses, it is the duty of the court, upon the motion of the defendant, to require the prosecutor, before the defendant is put upon his defense, to elect upon which particular transaction the prosecutor will rely for a conviction. (*State v. Schweiter*, 27 Kan. 500, 512.) Any other rule would often work injustice and hardship to the defendant. If any other rule were adopted, the defendant might be charged with the commission of one offense, tried for fifty, compelled to make defense to all, be found guilty of an offense for which he had made no preparation and had scarcely thought of, and found guilty of an offense which was really not intended to be charged against him; and in the end, when found guilty, he might not have the slightest idea as to which of the offenses he was found guilty. Also, if evidence was introduced tending to prove twelve or more different offenses, the jury might find him guilty without any two of the jurors agreeing

that he was guilty of any particular one of such offenses. One juror might believe that he was guilty of one offense, another juror of another, and so on with respect to all the jurors and all the offenses, each juror believing that the defendant was guilty of some one of the offenses which the evidence possibly tended to prove, but no two jurors agreeing that he was guilty of the same identical offense. But while the prosecutor is required to elect in such cases, he is required to elect only in furtherance of justice."

To the same effect were: *State v. O'Connell,* 31 Kan. 383, 2 Pac. 579; *State v. Guettler,* 34 Kan. 582, 9 Pac. 200; *State v. Lund,* 49 Kan. 663, 31 Pac. 309; *State v. Tanner,* 50 Kan. 365, 369, 31 Pac. 1096; *State v. Gaunts,* 60 Kan. 660, 57 Pac. 503. This rule is not peculiar to liquor prosecutions, but is one of general application in criminal procedure. In *State v. Browning,* 94 Kan. 637, 147 Pac. 1145, it was held:

"In a prosecution for cruelty to animals upon an information containing many counts and where testimony was introduced tending to prove several distinct and substantive offenses on each charge it is the duty of the court, upon the motion of the defendant, to require the state to elect upon which act or omission it will rely for a conviction on each count, and the overruling of the motion made by defendant herein is held to be reversible error." (Syl.)

In view of the foregoing it seems imperative that the judgment on the verdict on count 12 cannot stand.

The conclusion just reached leads logically to a consideration of a similar infirmity in the judgment pertaining to the verdict on counts 5 and 6. Defendant was charged in counts 5, 6 and 7 with sales to Herman Logan. There was testimony of many sales to Logan— more than pertained to the three specific sales charged in the information. Defendant moved to require the county attorney to elect on what item or items of evidence he depended to support the several respective charges in counts 5, 6 and 7. That motion was overruled. For the convenience of the state, and to expedite the administration of justice in criminal cases, the law permits a defendant to be charged and prosecuted for many related crimes in a single information, but that permission must not be so used as to entrap or bewilder the accused in the conduct of his defense. Defendant was entitled to know what evidence adduced against him was relied upon to support the charge in count 5, so that he might controvert or discredit that evidence with testimony in his behalf if such testimony were available. Similarly the prosecuting attorney should have been directed to indicate what testimony he relied on to support the charge set out in count 6. The court's ruling rendered it prac-

State v. Tudor.

tically impossible to controvert effectively the evidence of the state on any definite and particular charge. As to counts 5 and 6 the overruling of defendant's motion to elect was prejudicial error.

Defendant contends that in the verdict and judgment in count 7 the same prejudicial error inheres. It does not seem so to us. The seventh count pertained to an alleged sale to Logan in September, 1924. Logan testified:

"I have bought Forbes' vanilla extract from J. H. Tudor at his store in St. John, Kansas. I bought them several times. I bought some to drink, and I bought some for evidence over here. I drank some. *I bought some to drink in September or October, 1924.* I have become intoxicated from drinking Forbes' vanilla extract. The last time I bought extracts from J. H. Tudor was on the 2d day of January, 1925, in his store. I bought them on two occasions that day, the first time in the morning, and the next time in the evening. The first time I bought five bottles and paid 50 cents a bottle. I furnished the money. I turned these bottles in to the law—to Frazee. He was police judge. I bought five bottles in the morning from J. H. Tudor and bought four bottles from J. H. Tudor in the evening, about 1 or 2 o'clock in the afternoon, and paid 50 cents a bottle. I furnished the money. I gave them to Mr. Frazee. I went back to J. H. Tudor the next morning, January 3d, and asked J. H. Tudor for some more vanilla extract. I didn't get any. He said I couldn't buy anything in there."

While clearly it was error to overrule this motion so far as it pertained to the evidence designed to support counts 5 and 6, it does not seem that defendant could have been prejudiced so far as its denial affected count 7. In respect to the latter count, what the trial court and county attorney failed to do, the witness clearly and specifically did do. His testimony, "I bought some to drink in September or October, 1924," precisely covered and supported the charge in count 7. There is nothing in the entire record suggesting any possible handicap to defendant in the maintenance of his defense so far as relates to count 7 charging him with an unlawful sale to Logan in September, 1924, and the verdict and judgment on that count must be upheld.

In *State v. Bell,* 107 Kan. 707, 714, 193 Pac. 373, this court said:

"The court is vested with considerable discretion in the matter of requiring elections in such cases, and the order is only to be made in furtherance of justice and where the evidence is such as to require it."

The judgment of the trial court on counts 5, 6 and 12 is reversed, and on counts 7, 14 and 17 it is affirmed.