No. 37,956

THE STATE OF KANSAS, *Appellee,* v. BILL NEER, *Appellant.*

(222 P. 2d 558)

Opinion filed October 7, 1950.

*Walter F. McGinnis*, of El Dorado, argued the cause, and was on the briefs for the appellant.

*O. J. Connell, Jr.*, county attorney, argued the cause, and *Harold R. Fatzer*, attorney general, and *J. Morris Moon, Jr.*, assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal follows a conviction in a criminal prosecution.

·Bill Neer was arrested on a warrant charging him with breaking into a building in the nighttime and stealing thirty bushels of wheat. He waived a preliminary hearing and was bound over for trial in the district court. In that court an information was filed charging him with willfully, unlawfully and feloniously breaking into a building, in the nighttime, where valuable goods and merchandise were kept and taking, stealing and carrying away thirty bushels of wheat, the property of Ed Gaskel.

On November 14, 1949, the opening day of the term, the trial court inquired whether Neer had an attorney or was able to employ one and upon negative answers being given the court appointed an attorney for him and set the trial for December 1, 1949.

When the cause came on for trial on that day the defendant, through his counsel, entered a plea of guilty, and the court, addressing the defendant personally, asked if it was his desire to plead guilty to burglary and larceny as charged, to which the defendant answered in the affirmative, and he answered "No, sir" to a later question whether he knew of any reason why the court should not pronounce sentence, and thereafter he was sentenced to the state penitentiary for not to exceed ten years on the charge of burglary and five years on the charge of larceny, the sentences to run concurrently. It is here noted that the defendant did not indicate or announce to the trial court any desire to file a motion for a new trial and none was filed.

On December 9, 1949, the defendant, through another attorney, filed a document entitled "Motion to set aside judgment and motion for new trial." The gist of the motion is that Neer moved that the trial and judgment of December 1, 1949, be set aside for the reason that he had not been properly informed of his rights by the attorney appointed for him; that he was advised he would receive a sentence requiring him to serve not over one year and that he might as well plead guilty as he admitted the larceny and the sentence would be

the same, whereas in fact he entered a plea of guilty to a greater degree of crime in pleading guilty to burglary in the second degree; that he was not guilty of burglary and was entitled to a trial upon that charge; that the sentence imposed upon him was improper and illegal; that the pleadings do not set out the statute or statutes under which he was charged or sentenced; that he was deprived of his right to representation by failure of his appointed attorney to properly advise him of his rights so that he would understand the crime or crimes of which he was charged with committing; that the information failed to charge a crime under the laws of the state and should have been quashed for that reason; and that he pleaded guilty to and was sentenced for a crime with which he was not charged. If this motion was ever ruled on by the trial court, the abstracts do not disclose the ruling.

On December 10, 1949, the defendant served notice of appeal to this court from that part of the judgment of the trial court sentencing him to the state penitentiary and from no other ruling.

In this court appellant specifies error in five particulars: (1) Imposition of two separate sentences under one count, thus putting him in double jeopardy. (2) Imposition of sentence for burglary when no such charge was properly made in the information. (3) Failure of the court to include in the record under what statute sentence was imposed as required by G. S. 1947 Supp. 62-1516. (4) Imposition of an improper sentence contrary to law. (5) Failure of the court to sustain his motion to set aside the judgment and for a new trial.

The state moves that the appeal be dismissed for the reason that defendant, before sentence, did not announce to the trial court that he desired to file any motion for a new trial nor did he file such a motion within five days nor before judgment and that when the trial court asked him whether he knew of any reason why sentence should not be pronounced he answered in the negative, thereby waiving his right to file such a motion.

Many decisions may be found that errors of law occurring at the trial and not presented in a motion for a new trial cannot be considered on appeal. See West's Kansas Digest, Criminal Law, § 1064, and Hatcher's Kansas Digest, Criminal Law, §§ 420, 422. Under G. S. 1935, 62-1604, the application for a new trial must be made before judgment. Under G. S. 1947 Supp. 62-1722, it is provided that:

"In any criminal action in which defendant pleads guilty . . . unless he announces that he desires to file a motion for a new trial he shall be sentenced. . . ."

and under G. S. 1947 Supp. 62-1723, it is further provided that:

"If at the time the plea . . . of guilty is made defendant announces that he desires to file a motion for a new trial, the court shall fix a time, not exceeding five days, in which to file the motion for a new trial. . . ."

Every specification of error above set forth is predicated on alleged errors occurring at the trial and as there was no timely motion for a new trial, the alleged errors cannot be considered.

If the motion filed on December 9, 1949, be treated as sufficient to raise any question as to any matter other than errors occurring at the trial, it would be limited to the allegation that the information failed to allege a crime under the laws of this state. As has been stated above, the record does not disclose that the trial court ruled on this motion. If it did rule, no appeal was taken from the ruling. The result is that nothing concerning this motion is before this court for consideration.

On the assumption, however, that the question of the sufficiency of the information is before us under the appeal as taken, we note appellant's argument which may be summed up as being a contention that the statutory language of G. S. 1935, 21-520, was not followed and that appellant was not charged with "entering" the building. There was no motion to quash the information. It is true the word "entering" was not included in the information, but it was charged in clear and concise language that appellant broke into the building and stole thirty bushels of wheat. Entering was necessarily implicit in what was alleged in the information and it is clear from the record that appellant so understood the charge against him. The criminal code provides that the information must be direct and certain as regards the offense charged (G. S. 1935, 62-1005); that words used in the statutes to define a public offense need not be strictly pursued but other words conveying the same meaning may be used (G. S. 1935, 62-1009); that an information is sufficient if the offense charged is clearly set forth in plain and concise language (G. S. 1935, 62-1010, *Fourth*); that an information shall not be quashed for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits (G. S. 1935, 62-1011, *Seventh*); and that, insofar as this court is concerned, on appeal we must give judgment without regard to technical errors or defects which do not affect the substantial rights of the defendant (G. S. 1935, 62-1718). Considering appellant's contention in the light of the

above statutes, we must hold that it cannot be sustained. A thread of argument that appellant was allowed to plead guilty to two counts, burglary and larceny, when only one count of burglary was charged, cannot be sustained in view of G. S. 1935, 21-524.

The judgment of the trial court is affirmed.