No. 38,870

STATE OF KANSAS, *Appellee*, v. JOHN BELL AIKEN, alias JOHN CLEVELAND, *Appellant*.

(254 P. 2d 264)

Opinion filed March 7, 1953.

*T. Richard Liebert,* of Coffeyville, argued the cause, and *Dallas W. Knapp* and *Frank W. Liebert,* both of Coffeyville, were with him on the briefs for the appellant.

*Tom Crossan,* county attorney argued the cause, and *Harold R. Fatzer,* attorney general, and *Glen Tongier,* assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: The proceedings leading up to and giving rise to this appeal can be briefly stated.

In an information containing five counts, properly filed in the district court of Montgomery county, the defendant John Bell Aiken, alias John Cleveland, was charged under the provisions of G. S. 1949, 21-551, with the commission of five separate and distinct felonies. Following formal arraignment he entered a plea of not guilty to each of such charges. Thereafter on application of the state the court dismissed count three of the information on the ground it did not have venue of the offense therein charged. Thereupon the state proceeded to produce its evidence in support of the other four counts of the information. At the close of this evidence the defendant demurred to all remaining counts of the information on grounds that none of such counts charged a crime and that the evidence of the state did not prove the charges therein contained. After argument on the issues thus raised the trial court sustained the demurrer to counts one and four and discharged the defendant so far as such counts were concerned. It then held that the demurrer to counts two and five, which charged the defendant with having obtained money under false pretenses, should be overruled. Thereafter the defendant announced that he stood on the demurrer and would offer no evidence. Following this announcement the court instructed the jury as to the applicable law and, after hearing the arguments of counsel and having retired to consider of its verdict, the jury in due course rendered a verdict finding the defendant guilty as charged on the second and fifth counts of the information. Later his motion for a new trial having been overruled judgment was rendered on the verdict and defendant, who does not question the propriety of his sentence if other objections made to the judgment are not here upheld, was sentenced as a person convicted the second time of felony for commission of the two crimes of which he had been found guilty in conformity with the provisions of G. S. 1949, Section 21-551, 21-534 and 21-107a, such sentences to run concurrently. He then perfected this appeal wherein he specifies error on the part of the trial court in overruling his demurrer to the evidence and his motion for new trial.

At the outset, lest we be charged with overlooking the point and for future guidance of the bench and bar in cases where the circumstances may be different than those herein involved, we feel impelled to note this court has definitely indicated that under our criminal practice a demurrer to the evidence is not the proper method of questioning the sufficiency of an information or failure of the evidence to establish the commission of a crime. See, e. g., *State v. Tudor*, 121 Kan. 762, 765, 250 Pac. 296, also *State v. Goetz*, 171 Kan. 703, 704, 237 P. 2d 246, in which reference is made to *State v. Keenan*, 7 Kan. App. 813, 55 Pac. 102. Nevertheless, since it is to be fairly inferred from the record it was so treated by the trial court, we are inclined to regard the demurrer in the instant case as a motion to discharge the defendant and dispose of the questions raised therein upon that basis.

Inasmuch as questions pertaining to the sufficiency of the information and failure of the evidence to sustain the charges therein set forth are paramount in this case we deem it necessary to quote count two of that pleading at length. It reads:

"That heretofore and to-wit on or about the 17th day of May, A. D., 1951, at and within the County of Montgomery and State of Kansas, the above-named defendant, John Bell Aiken, alias John Cleveland, acting together with one William Russell, then and there being, did then and there wilfully, wrongfully, unlawfully and feloniously obtain money under false pretenses from Mr. and Mrs. R. E. Bates by then and there representing to the said Mr. and Mrs. R. E. Bates that he, the said defendant, and William Russell, acting together represented an American Insurance Company and solicited their purchase of an insurance policy for health and accident from them, the said defendant and the said William Russell; he, the said defendant, falsely, fradulently, feloniously and unlawfully representing to the said Mr. and Mrs. R. E. Bates that the premium for one year on said insurance policy was $68.50, when in truth and in fact, the said premium on said policy was $33.00 for one year, and they, the said Mr. and Mrs. R. E. Bates, relying upon said false and fradulent representation aforesaid, delivered to him, the said defendant, and the said William Russell, the sum of $68.50; he, the said defendant, and the said William Russell, then and there falsely, wrongfully, unlawfully and feloniously, and by means of such tricks and deception and false pretense, made as aforesaid, defendant then and there obtained the sum of $35.50 for their own personal use and benefit from the said Mr. and Mrs. R. E. Bates; all with the intent then and there on the part of him, the said defendant, to cheat and defraud the said Mr. and Mrs. R. E. Bates of the said sum of money; all contrary to and in violation of the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Kansas."

There is no occasion for quoting count five of the information. For all purposes pertinent to appellate review it may be said such

count contains identical language and charges the same facts except that it asserts the person defrauded was one William Bennett and the annual premium for the insurance policy was represented to be $59.63 instead of $68.50 as alleged in count two.

The essence of the first contention advanced by appellant in support of his position the information does not state a public offense is that misrepresentation of price is not an element of the offense of obtaining money under false pretense. The short answer to this contention is to be found in our decisions holding that a false representation made with intent to cheat and defraud another by which money is obtained is a false pretense within the meaning of that term as used in our statute (*The State v. Terrill*, 87 Kan. 745, 125 Pac. 65; *The State v. Nash*, 110 Kan. 550, 204 Pac. 736). Appellant's second contention respecting the sufficiency of the information is that such pleading contains no allegation a fraud was actually committed. This contention is based primarily upon the erroneous concept misrepresentation of price is not an element of false pretense. With that question out of the way resort to the information is all that is required to make it apparent any argument to the effect the allegations of that pleading fail to charge commission or for that matter consummation of a fraud is wholly fallacious.

With the information in form as heretofore quoted there is, we believe, another sound ground for holding appellant's contention its allegations were insufficient to charge a criminal offense cannot be upheld. So far as the record discloses the information was not attacked by a motion to quash. Conceding its allegations might have been stated more aptly we have little difficulty in concluding they were sufficiently well pleaded to fairly apprise the appellant of the crimes charged against him and cause the court no trouble in pronouncing sentence thereon upon the return of the jury's verdict of guilty. Under our decisions (*The State v. Palmer*, 40 Kan. 474, 20 Pac. 270; *State v. Hutzel*, 108 Kan. 456, 195 Pac. 887; *State v. Sanders*, 127 Kan. 481, 274 Pac. 223; *State v. Harris*, 150 Kan. 536, 95 P. 2d 269; *State v. Yarberry*, 157 Kan. 4, 138 P. 2d 444; *State v. Neer*, 169 Kan. 743, 222 P. 2d 558) that is all that is required on appellate review to uphold a criminal pleading against a motion to quash, a motion to discharge, or a motion in arrest of judgment. For other decisions to the same effect see *State v. Bowser*, 124 Kan. 556, 558, 261 Pac. 846; *State v. Tudor*, 121 Kan. 762, 764, 250 Pac. 296; *The State v. Wiencha*, 114 Kan. 448, 450, 219 Pac. 497.

We turn now to questions raised by appellant in support of his position he should have been discharged because the appellee's evidence failed to establish the charges contained in the information. The first of these claims, to the effect the state failed to introduce any evidence to show the premium on the policies for which Mr. and Mrs. Bates and Mr. Bennett bargained, is not sustained by the record which discloses positive testimony on the part of the members of the Bates family to the effect Cleveland told them the premium of their policy, which was to insure three members of the family, was $68.50 and that the policy delivered was not the one he described. Except for the fact it was to insure but two persons and the amount of the premium, which he stated was to be $59.63, the record reveals testimony of like import on the part of William Bennett.

Appellant's second contention respecting the sufficiency of the evidence is that the state failed to establish the complainants in the action, namely, Mr. and Mrs. Bates, named in count two of the information, and William Bennett, named in count five of such pleading, were defrauded. In this connection he points out that each of the two policies of insurance delivered to such persons, the premiums on which are conceded to be $33 per annum, provided that any premium paid thereon would be refunded if the policy was returned as unsatisfactory and directs our attention to G. S. 1949, 40-247, providing that an insurance agent or broker who acts in negotiating a contract of insurance by an insurance company lawfully doing business in this state, who receives any money as a premium for such a contract from the insured, shall be deemed to hold such premium in trust for the company making the contract. He then construes the terms of the policies of insurance as requiring a refund of all premium paid to appellant upon return of the policies and, on the theory of agency, the provisions of the statute as requiring the insurance company to return the excess premiums paid to appellant. Based on the foregoing construction he contends in substance that before the state can be heard to say the complainants suffered any loss as a result of appellant's action it was required to establish, which we pause to note it did not do, that complainants either returned the policies and the company refused to refund the premiums advanced or that they made demand on the company and were refused a return of the difference between the premiums properly payable on the policies received and those

actually paid appellant at the time such insurance was solicited. Appellant further insists the evidence fails to show Mr. and Mrs. Bates were defrauded because, on the basis of statements he is alleged to have made to them regarding his representation of another company, they were able to induce that company to reimburse them for the $68.50 he had obtained from them.

We are not here required to determine whether the construction appellant gives either the statute or the policies of insurance as outlined in the preceding paragraph is warranted. For our purposes, although the assumption is not to be construed as indicative of its approval, we may assume the correctness of the conclusions he reaches respecting the force and effect to be given their terms. When that is done it may be said that, when carefully analyzed, the gist of all contentions advanced by appellant on his second contention is that the state failed to establish the crimes charged because the evidence as to count two discloses the Bates' had been able to get back the money they had paid appellant from an insurance company other than the one writing the policies and, as to both counts two and five, discloses any or all of the complainants could have recovered the full amount of the payments made to appellant on return of the policies to the company issuing them or, if they had seen fit to retain such policies, the difference between what they had actually paid him and what was properly payable under their terms. Unfortunately for appellant we cannot agree with his position on this point. Under our decisions the fraud was accomplished and the offense completed when the false pretenses were made and the money obtained on the faith of them and what appellant hoped to do and might have done under favorable circumstances in the future, or the fact the complainants might have or did recover the money so paid him by other means or from other sources, would not take away the criminal character of his acts in obtaining the money by the false pretenses to which we have heretofore referred. (See *The State v. Stanley*, 116 Kan. 449, 452, 227 Pac. 263; *The State v. Holmes*, 98 Kan. 174, 157 Pac. 412, also decisions cited in West's Kansas Digest, False Pretenses, § 22, and Hatcher's Kansas Digest [Rev. Ed], False Pretenses, § 11.) For textbooks, legal treatises, and other decisions, definitely establishing the rule in force and effect in this jurisdiction is supported, recognized, and applied by the great weight of authority, see 35 C. J. S., False Pretenses, 680 § 37; 22 Am. Jur., False Pretenses,

490 § 85; 2 Brill, Cyclopedia Criminal Law, 1933 § 1271; 2 Burdick, Law of Crime, 509 § 649; 2 Wharton's, Criminal Law [12th Ed], 1772 § 1505.

Appellant's motion for a new trial and the arguments advanced in support thereof raise the same questions as those heretofore discussed and determined. Therefore we are unable to discern any sound ground for holding the trial court erred in overruling such motion.

The judgment is affirmed.