**Sidney SMITH, Appellant,**

v.

**Tracy HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

No. 6968.

United States Court of Appeals
Tenth Circuit.

June 27, 1962.

Rehearing Denied July 25, 1962.

Dan D. Kincheloe, Wichita, Kan. (Sidney Smith filed a brief pro se), for appellant.

Park McGee, Asst. Atty. Gen., Topeka, Kan. (William M. Ferguson, Atty. Gen., Topeka, Kan., with him on the brief), for appellee.

Before PHILLIPS, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

Sidney Smith, who is serving a five to ten year sentence in the Kansas State Penitentiary for burglary, appeals from an order denying his application for a writ of habeas corpus. Smith alleges that the judgment and sentence is void because (1) the information charging him with burglary did not state an offense, and (2) he was denied due process of law since numerous errors committed by the trial court in the admission of evidence and exhibits deprived him of a fair and impartial trial. There is no merit in these contentions.

■ Section 21–520, Kan.Gen.Stat., 1961 Supp., provides:

"Every person who shall be convicted of breaking and entering in the nighttime—* * * any shop, store, booth, tent, warehouse, or other building, * * * in which there shall be at the time * * * any goods, wares, or merchandise, or other valuable thing kept or deposited, * * * with the intent to steal or commit any felony therein, shall on conviction be adjudged guilty of burglary in the second degree: * * *."

The information, in substance, follows the language of the statute, and is adequate.[1] State v. Neer, 169 Kan. 743, 222 P.2d 558; State v. Toliver, 109 Kan. 660, 202 P. 99, 20 A.L.R. 502.

■■ The errors alleged to have been committed by the trial court, which Smith contends deprived him of a fair trial, consisted of the erroneous admission of evidence and exhibits, and did not constitute a transgression of fundamental constitutional guarantees. These were errors which could be reviewed only on appeal since habeas corpus may not be used as a substitute for appellate review. Gay v. Graham, 10 Cir., 269 F.2d 482; Schechter v. Waters, 10 Cir., 199 F.2d 318; Odell v. Hudspeth, 10 Cir., 189 F.2d 300, cert. denied 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656; Uhock v. Hand, 182 Kan. 419, 320 P.2d 794.

Affirmed.

---

1. The information alleges that Smith did "unlawfully and feloniously burglarize and break into and enter in the night time, the store building known as Art's Market, 22 Humbolt, Fort Scott, Kansas, by means of breaking a padlock off the Northeast door of said building, and after having broken into said building, did enter said building, in which building there was at the time kept goods, wares, merchandise and other valuable things with the wilful, unlawful and felonious intent to commit larceny therein."